3:24-cv-304-MPM-JMV

# EXHIBIT B

IN THE CIRCUIT COURT OF MARSHALL COUNTY, MISSISSIPPI

William J Ferris III,
Plaintiff,

v.

Amazon.com Services, LLC,
Defendant.

CV2024-383

Civil Action No. _____

## COMPLAINT

1. Plaintiff, William J Ferris III, is a resident of Marshall County, Mississippi, and was employed by Amazon at its facility located at 191 Norfolk Southern Way, Byhalia, MS 38611. This complaint arises out of events that occurred during Plaintiff's employment with Amazon.

2. Defendant, Amazon.com Services, LLC ("Amazon"), is a corporation doing business in Marshall County, Mississippi, with a principal place of business located at 191 Norfolk Southern Way, Byhalia, MS 38611. Amazon may be served with process at its corporate headquarters located at 2021 7th Ave., Seattle, WA 98121.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and the parties hereto pursuant to Mississippi law.

4. Venue is proper in Marshall County, Mississippi, where the Plaintiff resides and where the events giving rise to this complaint occurred.

## FACTUAL ALLEGATIONS

5. On or before February 10, 2024, Plaintiff was invited to a meeting with Charles Burns and other management at Amazon to discuss safety concerns and potential solutions related to the workplace. During this meeting, Plaintiff proposed an innovative solution for improving overhead spill protection for powered industrial trucks (PITs) in the workplace.

6. Shortly after this meeting, Amazon implemented the overhead spill protection improvement proposed by Plaintiff. Despite the fact that this safety measure is still in use today, Plaintiff has not received formal acknowledgment, compensation, or recognition for this contribution, even though the company has benefited from its operational and financial impacts.

7. Plaintiff introduced the concept of Dragonfly, an AI-driven application intended to analyze safety violations by processing images of incidents. This concept was shared with Amazon management and the union. While Amazon did implement a crowdsourced version of Dragonfly, there is no evidence that the full development of the original concept proposed by Plaintiff was pursued. Furthermore, Plaintiff did not receive compensation or formal acknowledgment for the idea's potential value.

8. Plaintiff was notified by Caleb Graham, a member of Amazon's safety team, that the company had decided to proceed with the safety improvement proposed by Plaintiff. However, no further communication, compensation, or formal acknowledgment was provided to Plaintiff after the safety improvement was adopted.

9. In November 2023, Plaintiff began advocating for unionization at Amazon through the internal "Voice of the Associate" (VOA) forum. From the outset of the union campaign, Amazon management began retaliating against Plaintiff. The retaliation, including isolation, hostile treatment, and false accusations, began in November 2023 and escalated over time.

10. As part of this retaliation, Amazon employees, including members of management, made defamatory accusations against Plaintiff, including allegations of antisemitism in connection with Plaintiff's unionization efforts. These accusations were false, unfounded, and intended to harm Plaintiff's reputation within the company and disrupt Plaintiff's advocacy for labor rights.

11. Amazon engaged in gaslighting tactics, including scheduling meetings with Plaintiff and then failing to attend and denying that the meetings had been arranged. This intentional agitation was part of an ongoing effort to create a hostile work environment and to drive Plaintiff out of the company.

12. On May 20, 2024, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) regarding the retaliatory actions by Amazon. However, the EEOC charge was dismissed due to procedural delays, leaving Plaintiff without an administrative remedy.

13. Despite multiple attempts to address these issues internally, Amazon has refused to engage in good faith settlement discussions and continues to benefit from Plaintiff's safety improvements while retaliating against Plaintiff for union activities.

## CLAIMS FOR RELIEF

### Count I: Misappropriation of Intellectual Property

14. Plaintiff re-alleges and incorporates by reference the factual allegations contained in the preceding paragraphs. The principles established in *Eastman Kodak Co. v. Digital & Analog Design Corp.*, 979 F.2d 259 (Fed. Cir. 1992), support Plaintiff's claim. In Kodak, the court awarded damages for the value of trade secrets and benefits gained by the defendant. Similarly, Amazon has benefited financially from Plaintiff's contributions without providing appropriate acknowledgment or compensation

15. Plaintiff provided Amazon with an innovative solution to overhead spill protection, which was subsequently implemented without any form of acknowledgment or compensation.

16. Plaintiff introduced the concept of Dragonfly, a safety-related AI-driven application. Although Amazon implemented a crowdsourced version of Dragonfly, there is no evidence that the original concept proposed by Plaintiff was fully developed. Plaintiff did not receive compensation or formal acknowledgment for the idea, despite its potential to improve workplace safety and operational efficiency.

17. Plaintiff's safety innovation and the Dragonfly concept have created significant operational benefits for Amazon. Amazon has been unjustly enriched by Plaintiff's contributions.

18. Plaintiff is entitled to damages for the misappropriation of intellectual property, including compensation for the value of the safety improvements and the Dragonfly concept, and the financial benefit Amazon has received as a result of its use.

### Count II: Retaliation in Violation of Labor Law

19. Plaintiff re-alleges and incorporates by reference the factual allegations contained in the preceding paragraphs. *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), and *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997), support Plaintiff's claim for retaliation. These cases recognize the right to damages for retaliation, including lost wages and emotional distress. Plaintiff's experience aligns with the principles established in these cases, warranting compensation for lost wages and emotional harm.

20. Plaintiff engaged in protected activity by advocating for unionization within Amazon through the VOA forum. Plaintiff's advocacy for labor rights was met with retaliation, including isolation, hostile treatment, and false accusations designed to damage Plaintiff's reputation.

21. Amazon's actions constitute unlawful retaliation under applicable labor laws, and Plaintiff is entitled to compensation for lost wages, emotional distress, and reputational harm caused by Defendant's actions.

**Count III: Defamation**

22. Plaintiff re-alleges and incorporates by reference the factual allegations contained in the preceding paragraphs. The defamation claim is supported by *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), and *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974). These cases establish the right to damages for reputational harm and emotional distress. Amazon's defamatory statements have caused significant harm, and Plaintiff seeks damages in line with these precedents.

23. Amazon, through its employees and agents, made false and defamatory statements about Plaintiff, including accusations of antisemitism, with the intent of damaging Plaintiff's reputation and disrupting Plaintiff's unionization efforts.

24. As a result of these false statements, Plaintiff has suffered reputational harm, emotional distress, and financial loss. Plaintiff is entitled to damages for defamation.

**Count IV: Hostile Work Environment**

25. Plaintiff re-alleges and incorporates by reference the factual allegations contained in the preceding paragraphs. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993), and *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57 (1986), support Plaintiff's claim for a hostile work environment. These cases establish that damages should include compensation for emotional distress and mental anguish. Amazon's conduct in creating a hostile work environment has caused significant harm, justifying the damages sought.

26. Amazon created and maintained a hostile work environment by engaging in retaliation, defamation, and gaslighting tactics designed to force Plaintiff out of the company and silence Plaintiff's unionization efforts.

27. Plaintiff has suffered emotional distress, mental anguish, and financial harm as a result of the hostile work environment and is entitled to damages for the same.

**SERVICE OF PROCESS**

28. Defendant Amazon.com Services, LLC may be served with process through the following addresses:

- **Amazon Business Contact Information**
  325 9th Ave. N.
  Seattle, WA 98109-5210
  Attn: Director of Sales

- **By mail:**
  Amazon
  P.O. Box 81226
  Seattle, WA 98108-1226
  Attn: General Counsel

- **By courier or personal delivery:**
  Amazon Legal Department
  2021 7th Ave.
  Seattle, WA 98121
  Attn: General Counsel

## PRAYER FOR RELIEF

29. Plaintiff requests the following relief:

- a. Compensatory damages for the misappropriation of intellectual property, including the safety improvement and Dragonfly concept, in the amount of $100,000 to $250,000.

- b. Damages for retaliation, including lost wages, in the amount of $50,000 to $100,000.

- c. Damages for emotional distress and mental anguish resulting from the hostile work environment, in the amount of $25,000 to $50,000.

- d. Damages for defamation and reputational harm, in the amount of $50,000 to $100,000.

- e. Attorney's fees and costs, if applicable.

- f. Any other relief deemed just and proper by the Court.

30. Plaintiff requests a trial by jury on all issues so triable.

DATED: 8-26-2024

Respectfully submitted,

William J Ferris III
230 Roberts Ave.
Holly Springs, MS 38635
SMS: 901-871-8044
Email: william.ferris00@gmail.com



FILED
AUG 26 2024
MONET AUTRY
CIRCUIT CLERK MARSHALL CO., MS
BY_____ D.C.

STATE OF MISSISSIPPI
COUNTY OF MARSHALL

**Affidavit of William J Ferris III**

1. I, William J Ferris III, being duly sworn, hereby declare the following:

2. I am the Plaintiff in the above-captioned case and am competent to testify to the facts stated herein.

3. I have personal knowledge of the facts and circumstances related to this case, including the events described in the Complaint.

4. The factual allegations contained in the Complaint are true and accurate to the best of my knowledge and belief.

5. I have reviewed and verified all supporting documents, including screenshots, videos, and correspondence referenced in the Complaint. These documents accurately represent the evidence related to my claims.

6. I have made diligent efforts to resolve these matters through internal channels, the Equal Employment Opportunity Commission (EEOC), the National Labor Relations Board (NLRB), and the Occupational Safety and Health Administration (OSHA), but have been unable to reach a satisfactory resolution.

7. The damages sought in this case are based on the financial and emotional impact of the Defendant's actions, including the misappropriation of my intellectual property, retaliation for my union advocacy, defamation, and the creation of a hostile work environment.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on  8-26-2024  .

_____
William J Ferris III

**NOTARY PUBLIC**

Subscribed and sworn to before me this  8/26/2024  .

Notary Public's Signature:  Monet Autry by: Rebecca C. Tvesterde
Notary Public's Name:  Monet Autry
My commission expires:  01-03-2028

MONET AUTRY
CLERK OF THE CIRCUIT COURT
MARSHALL COUNTY
POST OFFICE BOX 459
HOLLY SPRINGS, MS 38635

FILED
AUG 26 2024
MONET AUTRY
CIRCUIT CLERK, MARSHALL Co., MS
BY _____RCA_____ D.C.