IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCIT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| WILLIAM J. FERRIS III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:24-cv-304-MPM-JMV |
| | ) |
| AMAZON.COM SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Pursuant to *Federal Rules of Civil Procedure* 12(b)(1), 12(b)(6) and Local Rule 7.2, Defendant Amazon.com Services, LLC ("Amazon") files this Motion to Dismiss Plaintiff's Complaint. Amazon respectfully submits that the Court lacks subject matter jurisdiction over some of Plaintiff's claims and the remainder of Plaintiff's Complaint fails to state a claim upon which relief can be granted. For this reason, Amazon respectfully requests that this Court enter an order granting its Motion and dismissing Plaintiff's Complaint.

**I.    INTRODUCTION**

Plaintiff William Ferris ("Ferris" or "Plaintiff") initiated his lawsuit in the Circuit Court of Marshall County, Mississippi, on August 26, 2024. (Doc. 1-2). On September 25, 2024, Amazon timely filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1331, 1332, 1441, and 1446. Plaintiff's Complaint asserts

11832051v1

four causes of action: (1) "Misappropriation of Intellectual Property;" (2) "Retaliation in Violation of Labor Law;" (3) "Defamation;" and (4) "Hostile Work Environment." (Doc. 1-2). Plaintiff's Complaint is due to be dismissed in its entirety because this Court lacks jurisdiction over the labor law claim and the remaining claims fail to state facts sufficient to establish plausible claims against Defendant.

## II. FACTS ALLEGED IN PLAINTIFF'S COMPLAINT

Plaintiff alleges that on or before February 10, 2024, he was invited to a meeting with managers at Amazon to discuss safety concerns and potential solutions. (Doc. 1-2, ¶ 5). During the meeting, Plaintiff alleges he "proposed an innovative solution for improving overhead spill protection for powered industrial trucks." (*Id*). Shortly after this meeting, Plaintiff alleges Amazon implemented the spill protection proposed by Plaintiff without "acknowledgement, compensation, or recognition." (Doc. 1-2, ¶ 6). Plaintiff further alleges that he "introduced the concept of Dragonfly, an AI-driven application intended to analyze safety violations by processing images of incidents." (Doc. 1-2, ¶ 7). Plaintiff alleges that Amazon implemented a "crowdsourced version of Dragonfly," but admitted that "there is no evidence that the full development of the original concept proposed by Plaintiff was pursued." (*Id*).

Plaintiff alleges that in November 2023, he began advocating for unionization at Amazon through an internal forum. (Doc. 1-2, ¶ 9). Plaintiff alleges that as a result

11832051v1

of his advocacy, he was subjected to "isolation, hostile treatment, and false accusations." (*Id*). Specifically, Plaintiff alleges that Amazon would schedule meetings, fail to attend the meetings, and then deny that the meetings had been scheduled. (Doc. 1-2, ¶11). Plaintiff also alleges that Amazon employees made allegations of antisemitism against him. (Doc. 1-2, ¶ 10).

Plaintiff alleges that on May 20, 2024, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation. (Doc. 1-2, ¶ 12). He alleges that the EEOC Charge was dismissed. (*Id*).

### III. STANDARD OF REVIEW

Motions brought under Rule 12(b)(1) challenge a court's subject matter jurisdiction. "A motion to dismiss for lack of standing may be either facial or factual." *Superior MRI Serv., Inc. v. Alliance Healthcare Serv., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). "Where…the movant mounts a facial attack on jurisdiction based only on the allegations in the complaint, the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true." *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, "a plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires

11832051v1

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citation omitted). The pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). Under this standard, a court must accept the complaint's factual allegations as true but need not accept the legal conclusions drawn from the facts. *See Iqbal*, 556 U.S. at 679.

## IV. LEGAL ARGUMENT

### 1. Plaintiff's Misappropriation of Intellectual Property Claim Fails to State a Claim.

#### a. The Complaint Fails to Identify Any Legal Basis for a Claim of "Misappropriation of Intellectual Property."

Count I of the Complaint alleges "Misappropriation of Intellectual Property," but there is no known claim in Mississippi or federal law for misappropriation of "intellectual property" generally. The Complaint does not identify what type of intellectual property was allegedly misappropriated (e.g., copyright, patent, trademark, or trade secret) nor any statutory or common law basis for that claim. For this reason alone, Count I should be dismissed for failure to state a claim.

#### b. If Count I is Construed to Allege Misappropriation of Trade Secrets, It Also Fails to State a Claim.

While not identifying any category of intellectual property nor any legal basis for the claim, Count I does include a description of a federal case that, with

11832051v1

speculation, might suggest that the Plaintiff intended the count to be based on trade secrets:

> The principles in *Eastman Kodak Co. v. Digital & Analog Design Corp.*, 979 F.2d 259 (Fed. Cir. 1992), support Plaintiff's claim. In Kodak, the court awarded damages for the value of trade secrets and benefits gained by the defendant. Similarly, Amazon has benefited financially from Plaintiff's contributions without providing appropriate acknowledgement or compensation.

Complaint, ¶ 14.[1] Thus, by citing a case about trade secrets, Plaintiff may be suggesting that his claim likewise relates to alleged trade secrets. Were the Court to make that assumption and were the Court also to speculate that the claim is based on the Mississippi Uniform Trade Secret Act, Miss. Code Ann. § 75-26-1 *et seq.* (hereafter "MUTSA"), Count I should still be dismissed under Rule 12(b)(6).

To state a claim for misappropriating a trade secret under the MUTSA, Plaintiff must plausibly allege "1) that a trade secret existed; 2) that the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and 3) that the use of the trade secret was without the plaintiff's authorization." *Union Nat'l Life Ins. Co. v. Tillman*, 143 F. Supp. 2d 638, 643 (N.D.

---

[1] While not pertinent to this motion, the *Kodak* case cited in paragraph 14 of the Complaint appears to be fictional. The only case at 979 F.2d 259 is a 1992 *First* Circuit opinion titled *Rivera v. Murphy* that relates to probable cause in an arrest, not trade secrets. Further, an online search of federal reported cases revealed none between Kodak and Digital & Analog Design Corporation.

Miss. 2000) (internal citation omitted). The Complaint fails to include plausible allegations for at least two of the three required elements.[2]

### i. *The Complaint fails to Plausibly Allege the Existence of Any Trade Secret.*

The Complaint fails to establish that any trade secret existed. Under the MUTSA, a "trade secret" means information that:

> (i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
>
> (ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Miss. Code Ann. § 75-26-3(d).[3] Here, the Complaint's cursory allegations that Plaintiff "provided Amazon with an innovative solution to overhead spill protection"

---

[2] There is also a federal trade secret statute, the Defend Trade Secrets Act ("DTSA"), which permits "[a]n owner of a trade secret that is misappropriated [to] bring a civil action ... if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). In addition to failing to allege even that Count I asserts *trade secret* misappropriation in general, it also fails to invoke the DTSA nor allege anything that would meet the threshold requirement for the DTSA that the alleged trade secret be "related to a product or service used in, or intended for use in, interstate or foreign commerce." *Id.*

[3] The MUTSA and federal DTSA "are similarly drafted and interpreted." *Pie Dev., LLC v. Pie Ins. Holdings, Inc.*, No. 3:19-CV-792-HTW-LGI, 2021 WL 3206043, at *3 (S.D. Miss. July 21, 2021), *aff'd sub nom., Pie Dev., L.L.C. v. Pie Ins. Holdings, Inc.*, No. 21-60593, 2023 WL 2707184 (5th Cir. Mar. 30, 2023). This includes their definitions of a "trade secret." *See* 18 U.S.C. § 1839 (DTSA requiring that to be a trade secret, the information must "derive[] independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information" and that "the owner thereof has taken reasonable measures to keep such information secret"). Thus, even if the DTSA were at issue in the Complaint, dismissal is proper for the same reasons as for the MUTSA.

and "introduced the concept of Dragonfly, a safety-related AI-driven application" (Complaint, ¶¶ 15-16; *see also id.*, ¶¶ 5, 7), the only two apparent allegations of what he claims was misappropriated, fail to plausibly plead any existing trade secret, for three independent reasons.

First, both statements are so broad and amorphous that they fail to identify the trade secret sufficiently and are mere "labels and conclusions" and "'naked assertion[s]' devoid of further factual enhancement," which are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Pie Dev.*, 2021 WL 3206043, at *5–6 (dismissing claim under MUTSA in part because description of alleged trade secret in complaint "is too broad and does not provide the defendants with adequate notice of what specifically they have allegedly misappropriated"); *United States ex rel. Rigsby v. State Farm Fire and Cas. Co.*, No. 1:06CV433-HSO-RHW, 2015 WL 13649420, at *18 (S.D. Miss. Aug. 6. 2015) (agreeing that a complaint "must describe the subject matter of the trade secret with sufficient particularity" and granting judgment on the pleadings where "[n]o attempt is made to describe the trade secrets at issue"); *Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 701 (S.D. Tex. 2011) (dismissing misappropriation of trade secrets claim because plaintiff failed to "fully identif[y] the specific trade secret they claim to have been stolen") (citing *Twombly*, 550 U.S. at 555); *Bioquell, Inc. v. Feinstein*, No. CIV.A. 10-2205, 2010 WL 4751709, at *6

(E.D. Pa. Nov. 23, 2010) (dismissing misappropriation of trade secrets claim on grounds that the complaint failed to "identify the[] trade secrets" and was, instead, "merely a string of conclusory statements devoid of any factual basis") (citing *Twombly*, 550 U.S. at 570); *Medafor, Inc. v. Starch Med. Inc.*, No. 09-CV-0441 PJS/FLN, 2009 WL 2163580, at *1 (D. Minn. July 16, 2009) (dismissing misappropriation of trade secrets claim because plaintiff's "descriptions of its trade secrets and 'Confidential Information' are insufficient to inform [defendant] of the basic fact of what exactly it is supposed to have stolen or unlawfully obtained").[4]

Second, nothing in these statements pleads that the two concepts allegedly disclosed to Amazon derive their value from "not being generally known to, and not being readily ascertainable by proper means." Indeed, the description of the concepts is so vague that there is no way to provide notice that the concepts are not already well-known to the public and thus incapable of constituting trade secrets. *See, e.g.*, *Pie Dev.*, 2021 WL 3206043, at *5–6 ("Courts routinely dismiss trade secret claims where the allegations of the complaint fail to separate the alleged trade secret from public knowledge and, therefore, do not establish that the alleged trade secret was 'not generally known' or 'readily ascertainable by proper means.'"); *Bladeroom Grp.*

---

[4] Case law construing other states' implementations of the Uniform Trade Secret Act are appropriate because the MUTSA provides that it should be interpreted "to make uniform the law with respect to the subject of this chapter among the states enacting it." Miss. Code Ann. § 75-26-17.

*Ltd. v. Facebook, Inc.*, No. 5:15-CV-01370-EJD, 2015 WL 8028294, at *3 (N.D. Cal. Dec. 7, 2015) (granting motion to dismiss for failure to plead alleged trade secret with "sufficient particularity to separate it from matters of general knowledge in the trade").

Finally, the Complaint fails to allege that either of these broad concepts was "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." For example, the Complaint contains no allegation that Plaintiff made these disclosures to Amazon under a non-disclosure agreement or other binding promise of secrecy, nor that he has maintained the secrecy of these concepts from others. *See, e.g., Pie Dev.*, 2021 WL 3206043, at *7 (dismissing MUTSA claim in part because the court was "not persuaded that PieDev adequately pled that it took reasonable precautions to prevent the dissemination of its alleged trade secret"); *M.C. Dean, Inc. v. City of Miami Beach*, 199 F. Supp. 3d 1349, 1357 (S.D. Fla. 2016) (holding that plaintiff failed to adequately allege reasonable measures to maintain secrecy and granting motion to dismiss trade secret claims under DTSA and Florida Uniform Trade Secret Act). Without any plausible allegation that these disclosures were made under a requirement that Amazon maintain their confidentiality, Plaintiff cannot meet the requirement to plead an existing trade secret. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) (holding that once "an individual

discloses his trade secret to others who are under no obligation to protect the confidentiality of the information . . . his property right is extinguished").

For each of the three independent reasons above, Count I fails to plausibly allege any "trade secret" as defined by the MUTSA. Thus, Count I should be dismissed.

### ii. The Complaint Fails to Plausibly Allege Acquisitions through Breach of Any Confidential Relationship or Improper Means.

Even if the Complaint included sufficient allegations that either of the two concepts met the requirements of a "trade secret," which it does not for all the reasons discussed above, the Complaint also fails to include any allegations that any supposed use or acquisition of the concepts by Amazon was "through a breach of a confidential relationship" or "by improper means." *Union Nat'l Life Ins.*, 143 F. Supp. 2d at 643.[5] As discussed above, the Complaint does not allege that Amazon was subject to any non-disclosure agreement with Plaintiff nor had any other obligation to maintain the confidentiality of any information Plaintiff voluntarily disclosed. Nor does the Complaint allege that any supposed use by Amazon of information provided by Plaintiff would have been "improper means," such as theft, bribery, misrepresentation, or the like. *See* Miss. Code Ann. § 75-26-3(a). The failure

---

[5] "Improper means" includes "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." Miss. Code Ann. § 75-26-3(a).

11832051v1

to include plausible allegations on this required element under the MUTSA is an independent basis for dismissal for failure to state a claim.

### 2. Plaintiff's Retaliation Claim Fails.

Plaintiff alleges that he engaged in protected activity by advocating for unionization and was subsequently retaliated against when he experienced "isolation, hostile treatment and false accusations designed to damage Plaintiff's reputation." (Doc. 1-2, ¶ 20). Plaintiff's claim is due to be dismissed because this Court lacks subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1).

Section 8 of the National Labor Relations Act ("NLRA") prohibits employers from restraining or coercing employees from engaging in concerted activities for purposes of collective bargaining or other protections. 29 U.S.C. § 158(a)(1). Section 7 of the NLRA gives employees the right to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection. 29 U.S.C. §157. Plaintiff alleges that after he engaged in advocating for a union at Amazon, he experienced retaliation.[6]

---

[6] Plaintiff cites to *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006) and *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997) to support his claim for "retaliation in violation of labor law." (Doc. 1-2, ¶ 19). Both *Burlington* and *Robinson* involved questions related to retaliation under Title VII. Although Plaintiff cites to Title VII cases, the substance of the Complaint itself appears to allege a claim under the National Labor Relations Act rather than Title VII. To the extent that Plaintiff is asserting a retaliation claim under Title VII, advocating for a union is not a protected activity under Title VII. *Turner v. Aurora Australis Lodge*, 1:13-cv-001-SA-DAS, 2014 WL 4545762, *8 (N.D. Miss. Sept. 12, 2014) (holding plaintiff did not engage in

The National Labor Relations Board ("NLRB") has exclusive jurisdiction over claims of unfair labor practices, including violations of Sections 7 and 8. *Hobbs v. Hawkins*, 968 F.2d 471, 478 (5th Cir. 1992) ("The [NLRB] has exclusive jurisdiction to prevent and remedy unfair labor practices by employers and unions."), *Marbley v. Teamster Local 988*, 4:22-cv-3396, 2023 WL 4713825, *5 (S.D. Tex. July 24, 2023) (dismissing plaintiff's NLRA claim due to lack of subject matter jurisdiction); *Sheet Metal Works Local Union No. 54, AFL-CIO v. E.F. Etie Sheet Metal Corp.*, 1 F.3d 1464, 1475 n.12 (5th Cir. 1993) ("Ordinarily allegations of unfair labor practices…fall within the exclusive jurisdiction of the NLRB"); *Wells v. General Motors Corp.*, 881 F.2d 166, 169 (5th Cir. 1989) ("Congress vested exclusive jurisdiction in the NLRB over conduct that is 'arguably protected and arguably prohibited' by sections 7 and 8 of the NLRA"); *King v. Volvo Group Trucks CDC*, 3:23-cv-393-SA-RP, 2024 WL 1623539, *2 (N.D. Miss., April 15, 2024) (dismissing pro se plaintiff's Complaint for lack of subject matter jurisdiction where the complaint asserts a cause of action based on "union affiliation.").

Plaintiff's claim is that Amazon violated Sections 7 and 8 of the NLRA when it allegedly subjected him to "isolation, hostile treatment and false accusations designed to damage Plaintiff's reputation." (Doc. 1-2, ¶ 20). Thus, Plaintiff's

---

protected activity when she filed a union grievance where there was no evidence the grievances were based on race); *Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 597 (E.D. Tex. 1995) ("Title VII does not protect union activities, such activities are covered by other provisions of federal law.").

retaliation claim falls under the jurisdiction of the NRLB and it is due to be dismissed because this Court lacks subject matter jurisdiction over such claim.

### 3. Plaintiff's Defamation Claim Fails.

Plaintiff's defamation claim fails to state a claim upon which relief can be granted. Defamation is "that which tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinions against him." *Speed v. Scott*, 787 So. 2d 626, 631 (Miss. 2001). Slander is the spoken form of the general tort of defamation. *Id* at 631. To prove slander under Mississippi law, the following elements must be shown: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Okoloise v. Yost*, 283 So. 3d 49, 59-60 (Miss. 2019). Under Mississippi law, a court in a defamation case must make the threshold determination of whether the language in question is actionable. *Brewer v. Memphis Pub. Co.*, 626 F.2d 1238, 1245 (5th Cir. 1980); *Mitchell v. Random House, Inc.*, 703 F. Supp. 1250, 1258, n. 10 (S.D. Miss. 1988) ("a libel action lends itself to judicial scrutiny in the early stages of a defamation lawsuit.). Courts considering a motion to dismiss a

defamation claim routinely address "issues such as whether the statement at bar is capable of a defamatory meaning." *Mitchell*, 703 F. Supp. at 1258, n. 10.

Plaintiff alleges that he was accused of antisemitism. (Doc. 1-2, ¶¶ 10, 22). Plaintiff does not provide any information about what exactly was said, who said it, where they said it, or the context in which it was said. "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "In Mississippi, a complaint alleging defamation must set forth the statements, paraphrased or verbatim, that constituted the defamation." *Roop v. Melton*, 3:12-cv-00116-GHD-SAA, 2014 WL 2573288, *5 (N.D. Miss. June 9, 2014) (citing *Valley Dry Goods Co. v. Buford*, 75 So. 252, 254 (Miss. 1917) (holding that a pleader must allege the words or synonymous words which constitute the slander). Plaintiff's allegation that he was accused of antisemitism is conclusory and does not state a claim. Accordingly, this claim is due to be dismissed.

### 4. Plaintiff's Hostile Work Environment Claim Fails.

#### a. Plaintiff Failed to Exhaust his Administrative Remedies.

Employment discrimination plaintiffs are required to exhaust their administrative remedies before pursuing claims in federal court. *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Exhaustion under Title VII requires the filing of a timely charge of discrimination with the EEOC and receipt of a "right-

to-sue" letter. 42 U.S.C. § 2000e–5 (e) and (f); *see also Taylor*, 296 F.3d at 379. Exhaustion "serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation and giving the employer some warning as to the conduct about which the employee is aggrieved." *Hayes v. MBNA Tech.*, Inc., 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (Fitzwater, J.) (citing *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 44, (1974), and *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)).

Plaintiff's Complaint alleges he filed an EEOC Charge and that it was dismissed; however, Plaintiff failed to attach a copy of the Charge or the Notice of Right to Sue letter. (Doc. 1-2, ¶12). Amazon has included Plaintiff's EEOC Charge as Exhibit A and Notice of Right to Sue letter as Exhibit B to this motion. *Collins v. Morgan Stanley Dean Witter*, 244 F. 3d 496, 498 (5th Cir. 2000) (holding that when a district court considers a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion to dismiss where the attachments are referred to in the plaintiff's complaint).

The scope of a Title VII suit extends as far as the scope of the EEOC investigation which could reasonably grow out of the administrative charge. *Fine v. GAF Chemical Corp.*, 995 F. 2d 576, 578 (5th Cir. 1993). Plaintiff did not allege discrimination or retaliation on the basis of any protected characteristic under Title VII. (Ex. A). On the face of the Charge itself, Plaintiff listed discrimination based

on "disability, other, retaliation." (*Id*). Any claims for disability discrimination would fall under the Americans with Disabilities Act and not Title VII. In the "particulars" section of the Charge, Plaintiff did not mention any allegations that were related to a protected characteristic under Title VII. He alleges he was "harassed…in retaliation for doing union duties for employees." (*Id*). This is not protected under Title VII. *Turner*, 2014 WL 4545762 at *8.; *Lee,* 882 F. Supp. at 597. Further, he alleges he was retaliated against in February 2024 for "filing ethics complaints" but does not allege that the ethics complaints were related at all to any protected characteristic. (Ex. A). For these reasons, Plaintiff's EEOC charge could not reasonably be expected to generate an EEOC investigation into Title VII violations. S*tone v. Louisiana Dept. of Revenue*, 590 Fed. App. 332, 338 (5th Cir. 2014) (Plaintiff did not allege any facts in her EEOC Charge that reasonably encompassed her later claims for constructive discharge, disparate impact, or disparate treatment). To the extent that Plaintiff's allegations fall outside the scope of his EEOC Charge, he has failed to exhaust his administrative remedies.

### b. Plaintiff Does Not Allege He Was Subjected to a Hostile Work Environment Because of a Protected Characteristic.

Under Title VII, it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual" in the terms and conditions of his employment "because of

such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1). At the pleading stage, a plaintiff does not need to plead a prima facie case under the burden shifting framework of *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Hamilton v. Dallas Cnty*, 79 F.4th 494, n.45 (5th Cir. 2023). However, a plaintiff does need to show he has been discriminated against *because of* a protected characteristic. *Id*; *See also Raj v. Louisiana State University*, 714 F.3d 322, 330 (5th Cir. 2013) (Motion to dismiss hostile work environment claim was appropriate where plaintiff failed to allege facts linking alleged harassment to a protected characteristic); *Schutt a/n/f for A.S. v. Garland Indep. Sch. Dist.*, 3:17-cv-1708-B, 2019 WL 3006768, *6 (N.D. Tex. July 9, 2019) ("For his hostile work environment claim, this means he must allege facts showing that the harassment was because of a protected characteristic: his race, color, religion, sex, or national origin.").

In his Complaint, Plaintiff does not allege the hostile work environment was because of his race, color, religion, sex, or national origin. (Doc. 1-2, generally). Instead, he alleges the hostile work environment was against because of his union activities. (Doc. 1-2, ¶ 9, 11, 26). Engaging in union activities is not a protected characteristic under Title VII. *See* 42 U.S.C. §2000e-2(a)(1)(listing protected characteristics); *Turner v. Aurora Australis Lodge*, 1:13-cv-001-SA-DAS, 2014 WL 4545762, *8 (N.D. Miss. Sept. 12, 2014) (holding plaintiff did not engage in

11832051v1

protected activity when she filed a union grievance where there was no evidence the grievances were based on race or any other protected characteristic); *Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 597 (E.D. Tex. 1995) ("Title VII does not protect union activities, such activities are covered by other provisions of federal law."). Because Plaintiff has failed to allege any protected characteristic, his hostile work environment claim is due to be dismissed.

## V.     CONCLUSION

Plaintiff's Complaint is due to be dismissed in its entirety. For each cause of action, Plaintiff has either failed to state a claim or failed to establish that this Court has jurisdiction over his claim. Accordingly, Amazon respectfully requests this Court enter an Order dismissing, with prejudice, Plaintiff's Complaint.

_____
Joseph M. Koury (MS #09737)
Allen, Summers & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, TN 38103
Telephone: (901) 763-4200
Facsimile: (901) 684-1768
jkoury@allensummers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2024, a copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF system, which will send electronic notice of such filing, and I hereby certify that I have emailed and mailed via USPS the document, to the following:

11832051v1

William J. Ferris III
230 Roberts Avenue
Holly Springs, MS  38635
William.ferris00@gmail.com

/s    _____
Of Counsel

11832051v1