# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| WILLIAM J. FERRIS III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-304-MPM-JMV |
| ) | |
| AMAZON.COM SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to *Federal Rules of Civil Procedure* 12(b)(1), 12(b)(6) and Local Rule 7.2, Defendant Amazon.com Services, LLC ("Amazon") replies to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 14) ("Plaintiff's Response"). In further support of its Reply, Amazon states as follows:

**I.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR DISCOVERY**

In his Response, Plaintiff argues that the Court should allow him to proceed with discovery and deny Amazon's Motion to Dismiss. (Doc. 14, p. 1). The "plausibility" standard and motions to dismiss have a "central, gatekeeping role in 'weeding out meritless claims.'" *Pumphrey v. Triad Life Sciences, Inc.*, No. 24-60028, 2024 WL 4100495, *2 (5th Cir. Sept. 6, 2024) quoting *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). The plausibility standard requires plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must include sufficient allegations on the face of their Complaint to survive a motion to dismiss. *Id*. This is not dependent upon discovery. The simple fact is that Plaintiff has failed to meet his pleading burden and his Complaint should be dismissed with prejudice.

Plaintiff's Response also includes a Motion for Summary Judgment, which should be denied. Defendant is filing a separate Response in Opposition to Plaintiff's Motion for Summary Judgment

## II. LEGAL ARGUMENT

### 1. Plaintiff's Misappropriation of Intellectual Property Claim Fails to State a Claim.

For Count I, the Complaint alleges, at most, that Plaintiff disclosed to Amazon two vague concepts ("an innovative solution to overhead spill protection" and "the concept of Dragonfly, a safety-related AI-driven application"), that Amazon supposedly implemented at least one of them, and that Amazon is therefore liable for "Misappropriation of Intellectual Property." (Complaint, ¶¶ 5-7, 14-18.) Amazon's Motion identified five independent reasons why Count I should be dismissed, namely the Complaint's failures to: (1) identify the "intellectual property" and any legal basis for the claim, (2) identify any alleged trade secret with the required specificity, (3) allege how the supposed trade secret derives independent economic value from its not being generally known, (4) allege any reasonable efforts taken by Plaintiff to maintain the secrecy of his supposed trade secrets, including obtaining any non-disclosure agreement when he allegedly made the disclosures to Amazon, and (5) allege acquisition by Amazon through the breach of any confidential relationship or by improper means.

Plaintiff's Response fails to identify any plausible allegations that plug any of these five holes. Thus, the Court should dismiss Count I. Further, because even what he states for the first time in the Response would be insufficient to state a claim were it added, any amendment would be futile, so the Court should dismiss Count I with prejudice.

A.  **The Complaint Fails to Identify the "Intellectual Property" and Any Legal Basis for the Claim**

Nothing in the Complaint states that the claim involves trade secrets (as opposed to some other "intellectual property"), nor under what statute or common law the claim arose. Instead, the complaint just specifies "intellectual property misappropriation." As set forth in the Motion, the omission of any allegations in the Complaint that Count I involves trade secrets and any legal basis for the count alone justifies dismissal because Rule 12 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*).

Plaintiff's Response now specifies for the first time that the claim is one for trade secret misappropriation under the federal Defend Trade Secrets Act ("DTSA").[1] This argument made for the first time in an opposition to a motion to dismiss does not change the fact that the Complaint on file lacks any such allegations and therefore should be dismissed. *See, e.g.*, *Schieroni v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. H-10-663, 2011 WL 3652194, at *6 (S.D. Tex. Aug. 18, 2011) ("[N]ew allegations cannot be raised in response to a motion to dismiss."); *Marchman v. Crawford*, 237 F. Supp. 3d 408, 427 (W.D. La. 2017) ("Marchman cannot now use a Memorandum in Opposition to the Motions to Dismiss to add new allegations to her Amended Complaint.").

B.  **The Complaint Fails to Identify Any Trade Secrets, and Neither Does Plaintiff's Response**

The most the Complaint says about what Plaintiff allegedly disclosed to Amazon is "an innovative solution to overhead spill protection" and "the concept of Dragonfly, a safety-related

---

[1] While seeking dismissal because the Complaint failed to specify even that the claim was for trade secret misappropriation, the Motion went further and showed how Count I should be dismissed even if it specified that the claim was one for trade secret misappropriation under either the Mississippi Uniform Trade Secret Act, Miss. Code Ann. § 75-26-1 et seq. (hereafter "MUTSA") (Motion at 4-11) or the federal DTSA (*id.* at 6 nn. 2-3).

3

AI-driven application." (Complaint, ¶¶ 15-16; *see also id.*, ¶¶ 5, 7.) The Motion explains how those skeletal phrases fail to meet the requirement that a Complaint describe an alleged trade secret with particularity to "provide the defendants with adequate notice of what specifically they have allegedly misappropriated." (Motion at 7 (quoting *Pie Dev., LLC v. Pie Ins. Holdings, Inc.*, No. 3:19-CV-792-HTW-LGI, 2021 WL 3206043, at *5–6 (S.D. Miss. July 21, 2021), *aff'd*, No. 21-60593, 2023 WL 2707184 (5th Cir. Mar. 30, 2023).) In his opposition, Plaintiff does not identify anything else from the Complaint, nor does he explain why the skeletal phrases that are in the Complaint meet the standards required by the case law and discussed in Amazon's Motion. Thus, the Complaint should be dismissed.

Instead of identifying anything else in the Complaint, Plaintiff's Response both alters and slightly adds to the barebones allegations of the Complaint, none of which meet the basic pleading requirements. Specifically, Plaintiff's Response now claims:

> The complaint identifies several proprietary trade secrets, including the designs for the Dragonfly program, PIT equipment, process improvements, and storage optimizations. … These trade secrets include proprietary designs and process improvements critical to the Dragonfly program and PIT (powered industrial truck) equipment.

(Opp. at 5.) Plaintiff's Response no longer purports to have disclosed something about "overhead spill protection." (*Id.*) It also provides no additional insight on what specifically was disclosed regarding the "Dragonfly program," other than that it supposedly involves "proprietary designs and process improvements" (which adds nothing of substance). (*Id.*) While apparently dropping spill protection concepts and providing no additional details about the alleged "Dragonfly" disclosures, the opposition for the first time vaguely claims that his trade secrets also relate to "PIT (powered industrial truck) equipment," "process improvements," and "storage optimizations." (*Id.*) Like what was in the Complaint, these additions do nothing but identify broad subject areas

4

and fail to "describe the subject matter of the trade secret with sufficient particularity." *United States ex rel. Rigsby v. State Farm Fire and Cas. Co.*, No. 1:06CV433-HSO-RHW, 2015 WL 13649420, at *18 (S.D. Miss. Aug. 6. 2015). Thus, even were the Court to move beyond the Complaint and consider Plaintiff's Response's descriptions of the alleged trade secrets, they amount (just as do the descriptions in the Complaint) to mere "labels and conclusions" and "'naked assertion[s]' devoid of further factual enhancement,'" which would be insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Moreover, because what Plaintiff expresses for the first time in Plaintiff's Response would still not be sufficient, any amendment would be futile, justifying dismissal with prejudice. *See Garnica v. Argent Mortg. Co.*, LLC, No. 4:13-CV-2331, 2014 WL 1338703, at *3 (S.D. Tex. March 27, 2014) ("While the Court agrees that Plaintiffs should not be able to rely on these new allegations in a response to a motion to dismiss, the Court nevertheless considers the allegations to show that allowing Plaintiffs to amend their complaint would be futile.").

        **C.**        **The Complaint Fails to Allege that Any Supposed Trade Secrets Derive Value from Their Secrecy, and Neither Does Plaintiff's Response**

As discussed in the Motion, a requirement to state a claim under the MUTSA is that the alleged trade secret derives independent economic value "from not being generally known to, and not being readily ascertainable by proper means by, other persons …" Miss. Code Ann. § 75-26-3(d)(i). The DTSA has the same requirement. *See* 18 U.S.C. § 1839 (requiring that to be a trade secret, the information must "derive[] independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information"). But, the Complaint fails to state any allegations that, if true, would satisfy this required element of a trade secret claim. (*See* Motion at 8-9.)

5

Plaintiff's Response does not address this requirement, nor point to anything in the Complaint that meets it, nor state anything to suggest that Plaintiff could add plausible allegations to meet it. Thus, the Court should dismiss Count I for this additional independent reason. Further, because Plaintiff's Response does not even suggest that Plaintiff could amend to add plausible allegations to satisfy this element of the claim, the dismissal should be with prejudice.

### D. The Complaint Fails to Allege that Plaintiff Took Reasonable Measures to Maintain the Secrecy of His Alleged Trade Secrets, and Neither Does Plaintiff's Response

As discussed in the Motion, another requirement to state a claim under the MUTSA is that the alleged trade secret has been "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Miss. Code Ann. § 75-26-3(d)(ii). The DTSA has the same requirement. *See* 18 U.S.C. § 1839 (DTSA requiring that to qualify as a trade secret, the plaintiff must establish that "the owner thereof has taken reasonable measures to keep such information secret"). The Motion further showed how the Complaint lacks any plausible allegations that Plaintiff took such reasonable measures to maintain secrecy of his alleged trade secrets, such as only making the alleged disclosures to Amazon under a non-disclosure agreement and keeping these concepts secret from others. (*See* Motion at 9-10.)

Plaintiff's Response fails to point to any such allegations in the Complaint, which alone justifies dismissal. Moreover, nothing in the Plaintiff's Response suggests that Plaintiff could amend the Complaint with plausible allegations to meet this requirement. Instead, Plaintiff asserts that "Defendant has taken steps to maintain the confidentiality of the proprietary information it acquired," which Plaintiff claims somehow "effectively deprived [him] of the ability to fully protect and safeguard its trade secrets due to Defendant's actions." (Opp. at 6.)[2] This claim that

---

[2] *See also id.* at 6-7 ("Plaintiff's trade secrets were *kept confidential by Defendant*, who prevented Plaintiff from fully accessing or securing the proprietary information. … *Defendant's practices, including*

*Amazon* maintained confidentiality fails to address the standard required by the DTSA and MUTSA, namely that to qualify as a trade secret, *Plaintiff* must have taken reasonable measures to maintain the confidentiality of his alleged secrets. Miss. Code Ann. § 75-26-3(d)(ii); 18 U.S.C. § 1839. Nor can his claim in Plaintiff's Response that Amazon "imposed limitations on access to internal systems, thereby preventing Plaintiff from documenting and preserving the critical evidence of the trade secret misappropriation" excuse Plaintiff from making allegations about Plaintiff's own actions to protect his secrets. All of these required allegations would be known to Plaintiff, if they existed.

By alleging that he disclosed the concepts to Amazon but without any allegations whatsoever that he required Amazon to sign a non-disclosure agreement or to provide binding promises of secrecy and without including any allegations that he kept the concepts secret from others, Plaintiff's trade secret allegations fail to state a claim. Further, because Plaintiff's Response fails to suggest that there are any allegations he could add that would arguably meet this mandatory element of the DTSA, any attempt to amend would be futile, justifying dismissal with prejudice.

> **E. The Complaint Fails to Allege that Amazon Acquired the Alleged Trade Secrets through the Breach of Any Confidential Relationship or Improper Means, and Neither Does Plaintiff's Response**

Finally, the fifth independent basis for dismissing Count I is that the Complaint lacks any allegations that any supposed use or acquisition of the concepts by Amazon was "through a breach of a confidential relationship" or "by improper means." *Union Nat'l Life Ins. Co. v. Tillman*, 143 F. Supp. 2d 638, 643 (N.D. Miss. 2000) (internal citation omitted).[3] As shown by the Motion, the

---

*restrictive confidentiality agreements*, limited access to internal systems, and prohibitions on documenting internal processes, significantly hindered Plaintiff's ability to collect direct evidence of the misappropriation.") (emphasis added).

[3] Likewise, misappropriation under the DTSA includes "disclosure or use of a trade secret of another without express or implied consent by a person who … used improper means to acquire knowledge of the trade secret." 18 U.S.C. § 1839(5)(B). Both the DTSA and MUTSA define "improper means" as "theft,

7

Complaint lacks any factual allegations that Amazon acquired any of Plaintiff's supposed concepts under any agreement with Plaintiff to maintain their confidentiality nor through any of the other improper means identified in the statutes. (Motion at 10-11.)

As with all of the other missing elements, Plaintiff's Response fails to identify anything in the Complaint where this requirement is plausibly alleged. And as with those others, Plaintiff's Response fails even to explain what it could add in an amendment that would satisfy this requirement. The only place Plaintiff's Response even approaches this issue is where is states the conclusion that "Plaintiff's trade secrets … were *confidentially acquired* and maintained by Defendant …" (Opp. at 6 (emphasis added).) No other facts are provided. Merely asserting that his concepts were "confidentially acquired," without anything more, constitutes mere "labels and conclusions" and "'naked assertion[s]' devoid of further factual enhancement,'" which would be insufficient to state a claim even if that conclusion were added in an amendment. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Thus, for this additional reason, the Complaint fails to state a claim for Count I, and any amendment would be futile, justifying dismissal with prejudice.

### F. The Four Cases Cited in Plaintiff's Response Regarding Trade Secrets are Fictional

Plaintiff's Response cites four alleged cases as somehow supporting his misappropriation claim. None of the four cases exist, and even if they did, his descriptions of these fictional cases would not provide any reason to deny this motion.[4] For example, Plaintiff cites "Krob v. Target Corp., 401 F. Supp. 3d 1088 (D. Minn. 2019)," which is fictional, for the proposition that "the

---

bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." Miss. Code Ann. § 75-26-3(a); 18 U.S.C. § 1839(6).

[4] The four cases discussed below do not exist at the citation provided. Further, searches on Pacer and Westlaw revealed no such cases between the two listed parties. Thus, it appears likely that these four cases are nothing but the fictional output of some AI chat program. As noted in the Motion, the Complaint likewise cited a fictional case. (*See* Motion at 5 n.1.)

plaintiff's ability to describe the trade secrets with sufficient particularity and allege improper acquisition by the defendant was sufficient to sustain the claim." (Doc. 14, p. 6.) Even if such a case did so hold, the Motion and this Reply explain how the Complaint fails to meet those standards. Likewise, he cites "Epic Games, Inc. v. Sweeney, 2018 U.S. Dist. LEXIS 158430 (E.D.N.C. 2018)" and "Volvo Cars of N. Am., Inc. v. Federated, 2013 U.S. Dist. LEXIS 106493 (D. Md. 2013)," both of which are also fictional, for the idea that a trade secret misappropriation claim may proceed even on circumstantial evidence where there is no direct evidence available. (Doc. 14, p. 7.) Even if cases existed making such a pronouncement, the point of the Motion is the utter lack of plausible factual allegations, either direct or circumstantial, on numerous requirements for a trade secret claim. Finally, Plaintiff's Response cites "Waymo LLC v. Uber Technologies, Inc., 256 F. Supp. 3d 1059, 1077 (N.D. Cal. 2017), for the proposition that "trade secrets are matters of national concern and should be adjudicated in federal court to ensure uniformity in their interpretation and enforcement." (Doc. 14, p. 4.) While there is a real case with that name at that citation, the decision says nothing about whether trade secret claims should be heard by federal courts, and even if it did, that issue simply has no relevance to this Motion.

  **2. Plaintiff's Retaliation Claims Fail.**

    **A. There Is No Private Right of Action for OSHA Violations**

In Plaintiff's Response, he states that he "has sufficiently pled claims for retaliation under both the Occupational Safety and Health Act (OSHA) and the National Labor Relations Act (NLRA)." (Doc. 14, p. 8). Plaintiff is asserting a retaliation claim under OSHA for the first time in response to Defendant's Motion to Dismiss. The Court should disregard Plaintiff's new OSHA claim as it is inappropriate to raise a new claim in response to a motion to dismiss. *Lee v. Jackson Cty*, 1:13-cv-441-HSO-RHW, 2015 WL 11117900, *3 n.3 (S.D. Miss. Sept. 25, 2015) ("The Court

cannot and will not consider claims raised in response to [the motion to dismiss]"; *Cobb v. Capital One Bank (US) Natn'l Assoc.*, 1:21-cv-131-MPM-DAS, 2022 WL 4241277, *2 (N.D. Miss. Sept. 14, 2022) (holding it would be "improper for plaintiff to seek to effectively amend their complaint through their *briefing*" in response to a motion to dismiss); *Partners & Friends Holding Corp. v. Cottonwood Minerals, L.L.C.,* 653 F.Supp.3d 344, 351 (N.D. Tex. 2023) ("New allegations cannot be raised in a response to a motion to dismiss"); *Young v. City of Houston*, 599 F. App'x 554, 555 (5th Cir. 2015) ("Our inquiry into whether [plaintiff] has adequately stated a claim for relief is limited to the four corners of the complaint.").

Even if Plaintiff had included a claim for retaliation under OSHA in his Complaint, the claim would fail. Even if the Court reads Plaintiff's Complaint to be making a claim of retaliation under OSHA, it fails because there is no private right of action for OSHA violations. *Valdez v. Joy Techs.*, 29 F.3d 623 (5th Cir. 1994) (citing *Cuyahoga Valley Railway Co. v. United Transp. Union*, 474 U.S. 3, 6 (1985) (It is "clear that enforcement of the [Occupational Health and Safety] Act is the sole responsibility of the Secretary [of Labor]")); *George v. Aztec Rental Center, Inc.*, 763 F.2d 184, 186-87 (5th Cir. 1985) (holding there is no private right of action for retaliatory discharge under OSHA); *Otto v. Specialties, Inc.*, 386 F. Supp. 1240 (N.D. Miss. 1974). And, according to Plaintiff, he has already filed claims with OSHA. (Doc. 14, p. 12) ("Plaintiff has already pursued complaints through the **Occupational Safety and Health Administration (OSHA)** to address the unsafe and retaliatory working conditions…") (emphasis in original).

   B.  **Plaintiff's NLRA Claims Also Must Be Dismissed**

Plaintiff's Response argues that his claims are beyond the exclusive jurisdiction of the National Labor Relations Board ("NLRB") because the NLRB does not have jurisdiction over all claims of retaliation or hostile work environments. (Doc. 14, p. 12-13). To support this contention,

Plaintiff cites to *Parker v. Baltimore & Ohio R. Co.*, 652 F.2d 1012 (7th Cir. 1981). This citation appears to be incorrect or a fiction. Defendant found a similar case, *Parker v. Baltimore & Ohio R. Co.*, 652 F.2d 1012 (D.D.C. 1981), which involves a white male Plaintiff bringing claims of race and gender discrimination and retaliation against his employer in connection with an affirmative action plan in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII"). Assuming that Plaintiff intended to cite *Parker* and not another Seventh Circuit case, his reliance is misplaced because *Parker* does not address NRLB jurisdiction at all.

Plaintiff cites *Bechtel v. Competitive Techs. Inc.*, 59 F.3d 1161 (9th Cir. 1995) for the contention that a "retaliation claim is properly pled when a plaintiff demonstrates they engaged in protected activities and suffered adverse actions as a result." (Doc. 14, p. 8). This citation is also incorrect or a fiction. Counsel for Defendant could not locate a case by that name and citation in Westlaw.[5] Plaintiff also cites *NLRB v. Macy's Inc.*, 672 F.3d 789 (8th Cir. 2012) for the proposition that "retaliation claims under the NLRA are actionable where the employee's protected activities" "are directly linked to retaliatory measures taking by the employer." (Doc. 14, p. 8). Again, counsel for Defendant could not locate a case by that name and citation in Westlaw.[6] Regardless of the incorrect citations, Plaintiff appears to be conflating Title VII's protections with those afforded

---

[5] *Young v. City of Augusta, GA*, 59 F.3d 1160 (11th Cir. 1995), has the same federal reporter citation as the case referenced in Plaintiff's Response and is a case in which a former prisoner alleged 42 U.S.C. §1983 and state law claims against the city jail officials alleged deliberate indifference to the plaintiff's mental health needs. Clearly this case does not address the exclusive jurisdiction of the NLRB. There is also a case called *Bechtel v. Competitive Techs. Inc.*, 448 F.3d 469 (2d Cir. 2006) which addresses a preliminary injunction and the Sarbanes-Oxley Act of 2002. This case is also irrelevant to the argument Plaintiff is attempting to make.

[6] *U. S. v. Loughner*, 672 F.3d 731 (9th Cir. 2012) contains the federal reporter citation noted by Plaintiff. *Loughner* is a case about due process in the context of involuntary medications. *Id*. The only case counsel for Defendant could locate on Westlaw with Macy's and NLRB as parties is *Macy's Inc. v. N.L.R.B*, 582 U.S. 914 (2017), which is a petition for writ of certiorari which was denied.

11

under the National Labor Relations Act and actions brought by the NLRB to enforce the NLRA with those brought by individuals.

Plaintiff admits that he has filed Charges with the NLRB for retaliation. (Doc. 14, p. 12). As argued in Defendant's Motion to Dismiss, the NLRB has exclusive jurisdiction over Plaintiff's claim of unfair labor practices. (Doc. 5, p. 12). Plaintiff's claim is that Amazon violated Sections 7 and 8 of the NLRA when it allegedly subjected him to "isolation, hostile treatment and false accusations designed to damage Plaintiff's reputation." (Doc. 1-2, ¶ 20). Thus, Plaintiff's retaliation claim falls under the jurisdiction of the NRLB and it is due to be dismissed because this Court lacks subject matter jurisdiction over such claim and allow Plaintiff to continue his claims with the NLRB.

### 3. Plaintiff's Defamation Claim Fails.

Plaintiff's Response does not address or cure the defects in his Complaint with regard to his defamation claim. The Response alleges that "Amazon employees" made "implied accusations of antisemitism" on the "Voice of the Associate Board."[7] (Doc. 14, p. 9). These accusations still do not meet the pleading requirements for a Mississippi defamation claim. "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "In Mississippi, a complaint alleging defamation must set forth the statements, paraphrased or verbatim, that constituted the defamation." *Roop v. Melton*, 3:12-cv-00116-GHD-SAA, 2014 WL 2573288, *5 (N.D. Miss. June 9, 2014) (citing *Valley Dry Goods Co. v. Buford*, 75 So. 252, 254 (Miss. 1917) (holding that a pleader must allege the words or synonymous words

---

[7] Plaintiff also cites to *Garrison v. Louisiana*, 379 U.S. 64 (1964) for the contention that "defamation claims are actionable when false statements are made with malice and cause reputational harm." (Doc. 14, p. 9). In *Garrison*, the United States Supreme Court invalidated a Louisiana state criminal defamation statute for unconstitutional vagueness. *Garrison* has no bearing whatsoever on Plaintiff's Mississippi civil defamation claim.

12

which constitute the slander). Plaintiff's allegation that an Amazon employee *implied* that Plaintiff held antisemitic views is conclusory and does not state a claim. Accordingly, this claim is due to be dismissed.

### 4. Plaintiff's Hostile Work Environment Claim Fails.

#### A. Plaintiff Makes New Allegations Regarding Disability.

Plaintiff's Complaint states that Count IV is a "Hostile Work Environment" claim based on "retaliation, defamation, and gaslighting tactics" meant to "force Plaintiff out of the company and silence Plaintiff's unionization efforts." (Doc. 1-2, p. 4). There are absolutely no allegations anywhere in the Complaint that so much as mention a disability. (*Id*, generally). Now, for the first time, in response to Defendant's Motion to Dismiss, Plaintiff is arguing that his hostile work environment claim is actually based on his alleged disability of Post-Traumatic Stress Disorder ("PTSD"). (Doc. 14, p. 10-11). Any claim for discrimination or retaliation on the basis of a disability, would fall under the Americans with Disabilities Act ("ADA"). Plaintiff has not sufficiently pled a claim under the ADA, largely because he makes no mention whatsoever in his Complaint of a disability or discrimination or retaliation because of any disability. Furthermore, the Court should not consider Plaintiff's Response raising allegations related to a disability when those allegations are not appropriately pled. *Lee*, 2015 WL 11117900 at *3 n.3; *Cobb*, 2022 WL 4241277 at *2; *Partners & Friends Holding Corp,* 653 F. Supp. 3d at 351; *Young*, 599 F. App'x at 555.

Despite the new allegations in Plaintiff's Response, he has still failed to exhaust his administrative remedies. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (ADA claim must comply with Title VII's administrative prerequisites prior to commencing an action in federal court). In his Charge of Discrimination, Plaintiff alleges:

> In January 2022, I was hired with the above named company as a Fulfillment Associate. Since October 2023, Operations Managers have harassed me, subjected me to unequal terms and conditions of employment by assigning me less favorable work assignment[sic], subjecting me to a hostile work environment by talking to me in a demeaning manner, called me crazy, issuing me disciplinary actions for productivity, in retaliation for doing union duties for employees. In December 2023, I was denied a promotion to Site Environmental Manager and Area Manager. Since February 2024, in retaliation for filing ethics complaints on the company showing favoritism and enforcing certain policies on employees they constantly call me in the office, has starting applying all policies (no playing music, no phones and were [sic] safety shoes) to harass employees, have employees watch me and ask me personal questions. I believe I have been retaliated against for making complaints of union issues and discriminated against because of my disability, in violation of the Americans with Disabilities Act Amendments Act of 2008 (Doc. 5, Ex. A).

Plaintiff's EEOC Charge focuses on a myriad of reasons for his alleged mistreatment—but none of them are related to a disability. Where a plaintiff's EEOC charge does not allege facts sufficient to trigger an EEOC investigation, the plaintiff has failed to exhaust their administrative remedies. *Simmons-Myers v. Caesars Entm't. Corp.*, 515 Fed. Appx. 269, 272 (5th Cir. 2013) ("The proper question is whether the charge has stated sufficient facts to trigger an EEOC investigation…); *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006) (A failure to reference a claim in the charge or allege any facts that would put the EEOC on notice to investigate will nullify that claim). Plaintiff's Complaint alleges he was subjected to a hostile work environment when he experienced "retaliation, defamation, and gaslighting tactics." (Doc. 1-2, p. 4). Plaintiff's Charge alleges he experienced a hostile work environment and retaliation for "filing ethics complaints" or performing "union duties." (Doc. 5, Ex. A). In his Charge, Plaintiff did not make any allegations related to retaliation or a hostile work environment because of a disability. Plaintiff cannot now claim in the Complaint that the alleged "retaliation, defamation, and gaslighting tactics" were because of his PTSD when he failed to do so at the EEOC stage. *Buckner v. West Tallahatchie Sch. Dist.*, No. 3:23-cv-417-DMB-RP, 2024 WL 3763601, *9 (N.D. Miss. Aug. 12,

14

2024) (Granting motion to dismiss where the plaintiff failed to allege facts related to a request for an accommodation at the EEOC stage).

### B. Plaintiff Does Not Allege He Was Subjected to a Hostile Work Environment Because of a Protected Characteristic.

Plaintiff argues that he has stated a claim for a hostile work environment because he was retaliated against for his "whistleblowing activities and union-related activities." (Doc. 14, p. 10). These alleged activities may be protected by OSHA and the NLRA and subject to their exclusive remedy provisions, which Plaintiff has already invoked (Doc. 14, p. 12), but they are not protected by Title VII or the ADA and therefore are not appropriate bases for a hostile work environment claim under those statutes. 42 U.S.C. §2000e-2(a)(1) (listing protected characteristics); 42 U.S.C. § 121112 (a); *Turner v. Aurora Australis Lodge*, 1:13-cv-001-SA-DAS, 2014 WL 4545762, *8 (N.D. Miss. Sept. 12, 2014) (holding plaintiff did not engage in protected activity under Title VII when she filed a union grievance where there was no evidence the grievances were based on race or any other protected characteristic); *Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 597 (E.D. Tex. 1995) ("Title VII does not protect union activities, such activities are covered by other provisions of federal law."). Plaintiff appears to misunderstand the basic mechanics of Title VII or the ADA. In order to state a claim for a hostile work environment under Title VII or the ADA (the statutes he is suing under), the alleged harassment and retaliation must be based on a protected characteristic covered by one of those statutes. *Hamilton v. Dallas Cnty*, 79 F.4th 494, n.45 (5th Cir. 2023); *Raj v. Louisiana State University*, 714 F.3d 322, 330 (5th Cir. 2013); *Schutt a/n/f for A.S. v. Garland Indep. Sch. Dist.*, 3:17-cv-1708-B, 2019 WL 3006768, *6 (N.D. Tex. July 9, 2019). He has not alleged any here. Accordingly, Plaintiff has failed to state a claim for a hostile work environment.

### III. CONCLUSION

Plaintiff's Complaint is due to be dismissed in its entirety. For each cause of action, Plaintiff has either failed to state a claim or failed to establish that this Court has jurisdiction over his claim. Accordingly, Amazon respectfully requests this Court enter an Order dismissing, with prejudice, Plaintiff's Complaint.

/s/*Joseph M. Koury*
Joseph M. Koury (MS #09737)
Allen, Summers & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, TN 38103
Telephone: (901) 763-4200
Facsimile: (901) 684-1768
jkoury@allensummers.com

/s/*Brooke M. Nixon*
Brooke M. Nixon (Pro Hac Vice)
Constangy, Brooks, Smith & Prophete, LLP
Two Chase Corporate Drive, Suite 30
Birmingham, AL 35244
Telephone: (205) 252-9321
Facsimile: (205) 323-7674
bnixon@constangy.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2024, a copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF system, which will send electronic notice of such filing, and I hereby certify that I have emailed and mailed via USPS the document, to the following:

William J. Ferris III
230 Roberts Avenue
Holly Springs, MS 38635
William.ferris00@gmail.com

/s/*Brooke M. Nixon*
Of Counsel