# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRCIT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **WILLIAM J. FERRIS III,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:24-cv-304-MPM-JMV |
| | ) |
| **AMAZON.COM SERVICES, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY

Defendant Amazon.com Services, LLC, by and through its undersigned counsel, respectfully requests this Court issue an Order staying discovery in this matter pending its ruling on Defendant's Motion to Dismiss. As grounds therefore, Defendant states as follows:

1. Defendant filed its Motion to Dismiss on October 2, 2024 (Doc 4) moving the Court for the entry of an order dismissing the case in its entirety. Plaintiff, who is pro se, filed his Response in Opposition to the Motion to Dismiss on November 1, 2024 (Doc 14). Defendant filed its Reply in Support of its Motion to Dismiss on November 8, 2024 (Doc 15). Thus, the Motion to Dismiss is fully briefed.

2. As of the date of this filing, the Court has not yet ruled on Defendant's Motion to Dismiss.

3. If the Court grants Defendant's pending Motion to Dismiss (Doc 4), Plaintiff's Complaint would be dismissed in its entirety.

4. Pursuant to the Court's Case Management Order entered on November 19, 2024 (Doc 18), all discovery must be completed by May 19, 2025. The parties have begun the exchange of written discovery but have not taken any depositions.

5. Plaintiff is seeking to depose two members of Amazon's management team. Additionally, Plaintiff claims he has an expert which will require expert depositions, and he has recently informed Amazon's counsel that he is gathering evidence to amend the Complaint to assert a class action. Accordingly, Plaintiff's claims contemplate extensive discovery and depositions.

6. A district court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). "Good cause may exist when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008) (quoting Fed. R. Civ. P. 26(c)).

7. A stay of discovery may also "be appropriate where the disposition of a motion to dismiss might preclude the need for the discovery altogether thus saving

time and expense." *Id.* (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 436 (5th Cir.1990)).

8. It is within the district court's discretion to stay discovery pending resolution of dispositive motions. *Brown v. DFS Servs., L.L.C.,* 434 F. App'x 347, 352 (5th Cir. 2011). The control of discovery "is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (quoting *Mayo v. Tri–Bell Indus., Inc.,* 787 F.2d 1007, 1012 (5th Cir.1986) (affirming the trail court's decision to grant a motion to stay discovery pending the court's decision on a motion to dismiss).

9. A trial court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

10. In the present case, the Court should stay discovery pending its decision on the Motion to Dismiss. If the Court rules in favor of Defendant, discovery would be precluded completely saving both parties time and expense. Plaintiff is pro se and appears to be planning an extensive discovery process. Thus, the parties could incur substantial and unnecessary time and expense if this discovery, including numerous depositions, are held prior to a ruling on Defendant's Motion to Dismiss.

11. Counsel for Amazon conferred with Plaintiff about this Motion to Stay Discovery. Plaintiff opposes this Motion and does not want a stay of discovery pending the Court's decision on the Motion to Dismiss.

WHEREFORE, premises considered, Defendant respectfully requests the Court stay discovery pending its ruling on Defendant's Motion to Dismiss.

Respectfully submitted on the 12th day of February, 2025.

/s/*Joseph M. Koury*
Joseph M. Koury (MS #09737)
Allen, Summers & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, TN 38103
Telephone: (901) 763-4200
Facsimile: (901) 684-1768
jkoury@allensummers.com

/s/*Brooke M. Nixon*
Brooke M. Nixon, Pro Hac Vice
Constangy Brooks Smith & Prophete
2 Chase Corporate Drive, Suite 30
Birmingham, AL 35244
(205) 252-9321
bnixon@constangy.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of February, 2025, a copy of the foregoing document has been emailed and mailed via USPS, to the following:

>William J. Ferris III
>230 Roberts Avenue
>Holly Springs, MS  38635
>William.ferris00@gmail.com

>>>>>>*/s/Brooke M. Nixon*
>>>>>>Of Counsel