IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WILLIAM J. FERRIS, III**                                                                                      **PLAINTIFF**

**V.**                            **CIVIL ACTION NO.: 3:24-cv-304-MPM-JMV**

**AMAZON.COM SERVICES, LLC**                                                **DEFENDANT**

## ORDER GRANTING MOTION TO STAY DISCOVERY

This matter is before the Court on the Defendant's Motion to Stay Discovery until disposition of its pending motion to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim) and Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) [Doc. 25]. The matter has been fully briefed[1]. For the reasons below, the Motion will be granted.

On August 26, 2024, the Plaintiff, acting pro se, filed a state court complaint [Doc. 2] against Defendant alleging four counts: 1) a claim for "misappropriation of intellectual property"; 2) retaliation "in violation of labor Law"; 3) defamation; and 4) hostile work environment. The action was removed by Defendant to federal court on September 25, 2024 [Doc. 1]. On October 10, 2024, Defendant filed its Motion to Dismiss [Doc. 7].[2]

On November 19, 2024, a Case Management Order [Doc. 18] was entered setting relevant deadlines. The case was assigned a trial setting of January 20, 2026 [Doc. 19]. Discovery in the case has been ongoing since entry of the CMO on November 19, 2024, but according to the instant motion, only recently did the pro se Plaintiff indicate an intent to conduct extensive discovery on an array of claims—some, as of yet, apparently unasserted, prompting Defendant to seek the

---

[1] Defendant filed its Motion to Stay Discovery on February 12, 2025 [Doc. 25]. On February 20, 2025, Defendant filed a reply to the Motion. [Doc. 27]. Attached to Defendant's Reply was a copy of a Response in Opposition mailed to Defendant by Plaintiff that the Court has yet to receive a copy of from Plaintiff. Ex. 1 to [Doc. 27].
[2] It was docketed as one premised only on failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* [Doc. 7].

1

instant discovery stay until disposition of the pending motion to dismiss. If granted in full, the Defendant's motion to dismiss would dispose of all claims in this case and make further discovery unnecessary. Moreover, Defendant asserts that given the nature of the pending dispositive motion—one challenging whether the complaint, on its face, states a cause of action under 12(b)(6) and/or asserts claims over which this court has subject matter jurisdiction under 12(b)(1)—discovery is not needed or required for its disposition.[3]

## Law and Analysis

### Discretion

A district court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). "Good cause may exist when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008) (quoting Fed. R. Civ. P. 26(c)).

A stay of discovery may also "be appropriate where the disposition of a motion to dismiss might preclude the need for the discovery altogether thus saving time and expense." *Id.* (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 436 (5th Cir. 1990)). It is within the district court's discretion to stay discovery pending resolution of dispositive motions. *Brown v. DFS Servs., L.L.C.,* 434 F. App'x 347, 352 (5th Cir. 2011). The control of discovery "is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (quoting *Mayo v. Tri–Bell Indus., Inc.,* 787 F.2d 1007, 1012 (5th Cir. 1986)) (affirming the trial

---

[3] The undersigned notes, of course, that the district judge will decide the pending dipositive motion and may require or invite, by separate order, discovery on some discrete issue should he find it appropriate to do so.

2

court's decision to grant a motion to stay discovery pending the court's decision on a motion to dismiss). A trial court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

**12(b)(6) Motions**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v Twombly*, 590 U.S. 544, 570 (2007). Specifically, "a plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citation omitted). The pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 678 (2009)(citing *Twombly*). Under this standard, a court must accept the complaint's factual allegations as true but need not accept the legal conclusions drawn from the facts. *See Iqbal*, 556 U.S. at 679.

The "plausibility" standard and motions to dismiss have a "central, gatekeeping role in 'weeding out meritless claims.'" *Pumphrey v. Triad Life Sciences, Inc.*, 2024 WL 4100495, *2 (5th Cir. Sept. 6, 2024), quoting *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). The plausibility standard requires plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiffs must include sufficient allegations on the face of their Complaint to survive a motion to dismiss. *Id*.

3

**12(b)(1) Motion to Dismiss**

Motions brought under Rule 12(b)(1) challenge a court's subject matter jurisdiction. "A motion to dismiss for lack of standing may be either facial or factual." *Superior MRI Serv., Inc. v. Alliance Healthcare Serv., Inc.,* 778 F.3d 502, 504 (5th Cir. 2015). "Where … the movant mounts a facial attack on jurisdiction based only on the allegations in the complaint, the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true." *Lee v. Verizon Commc'ns, Inc.,* 837 F.3d 523 533 (5th Cir. 2016).

**Local Uniform Civil Rule 16(b)(3)**

(3) Local Uniform Civil Rule 16(b)(3) provides as follows: *Motions ... Asserting .... Jurisdictional Defense*
  (A) A motion … asserting … a jurisdictional defense, must be raised by a separate motion as expeditiously as practicable after service of process.[4] A motion asserting lack of jurisdiction must be filed at least seven days before the case management conference or the movant may be deemed to have waived the automatic stay provision of subsection (B).
  (B) Filing a motion … asserting …a jurisdictional defense, stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.
  (C) At the time the motion … asserting a…. jurisdictional defense is filed, the moving party must submit to the magistrate judge a proposed order granting the stay.

L.U. Civ. R 16(b)(3).

In the instant case, since the challenge made by Defendant in the pending motion to dismiss is one to the pleading itself and does not appear to require or necessitate discovery to adjudicate, it would be wasteful of all parties' and the court's resources to conduct further discovery at this

---

[4] The undersigned notes that no separate motion to dismiss for lack of jurisdiction appears on the docket. Rather, as noted above, the docket reflects the filing of a motion to dismiss for failure to state a claim. However, a review of the motion to dismiss clearly references lack of jurisdiction, which provides the court a discretionary basis to stay discovery.

4

time. Accordingly, unless and until the district judge were to so order or alternatively, deny all parts of the pending motion to dismiss, discovery in the case should be stayed.[5]

## Conclusion

For the reasons stated herein, the Defendant's Motion to Stay Discovery [Doc. 25] shall be and is hereby GRANTED. The Defendant shall notify the undersigned magistrate judge within seven (7) days of a decision on the motion to dismiss [Doc. 7].

**SO ORDERED**, this the 3rd day of March, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[5] The Court has not received a copy of Plaintiff's Response in Opposition to the Motion to Stay. Defendant obtained a copy the Plaintiff mailed to it, and the Defendant attached it as Exhibit 1 to its Reply. [Doc. 27]. In his Response, Plaintiff makes a number of citations consistent with the use of "artificial intelligence" to generate the text, as previously alleged by Defendant. [Doc. 15] at 8 n.4. The Court notes that District Judge Mills has noticed a Show Cause Hearing [Doc. 28] for April 8, 2025, due to the Plaintiff "submitting pleadings with fictious authorities generated by artificial intelligence." Thus, the undersigned defers to Judge Mills as to any potential sanctions for said conduct.