IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCIT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **WILLIAM J. FERRIS III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:24-cv-304-MPM-JMV |
| ) | |
| **AMAZON.COM SERVICES, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>DEFENDANT'S MEMORANDUM IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OR, ALTERNATIVELY, AWARD DEFAULT JUDGMENT</u>

Defendant Amazon.com Services, LLC ("Amazon"), by and through its undersigned counsel, respectfully submits its Memorandum Brief in support of its Response to Plaintiff's Motion to Strike or, Alternatively, Award Default Judgment. As grounds therefore, Amazon states as follows:

**I.      Introduction**

On February 13, 2025, Plaintiff emailed counsel for Amazon a Motion to Strike Defendant's Defenses or, Alternatively, Award Default Judgment. On March 3, 2025, Plaintiff's Motion to Strike was entered on the Court's docket. (Doc. 33). Plaintiff's Motion to Strike makes outrageous and false accusations against Amazon and asks the Court to strike Amazon's affirmative defenses or enter default judgment against Amazon. Although Plaintiff has titled his filing as a Motion to

Strike, the substantive arguments ask the Court to impose the sanction of striking Amazon's affirmative defenses and the sanction of default judgment for what Plaintiff calls "defamatory and retaliatory conduct" on the part of Amazon.[1]

## II. Argument

### A. Amazon has not engaged in any bad faith behavior.

Plaintiff's Motion to Strike contains serious allegations of so-called egregious and ongoing misconduct by Amazon. These allegations are false and misleading to the Court. Plaintiff alleges that "Defendant's defamation…has intimidated key witnesses and hindered discovery." (Doc. 32, p. 2). The Motion to Strike fails to provide any substantive information regarding what Amazon has done to "defame" Plaintiff. There are no allegations regarding any statements or publications that Amazon has made that could possibly defame Plaintiff. Amazon denies defaming Plaintiff at all, much less in a way that would intimidate witnesses.

Plaintiff also alleges that another witness "has experienced similar retaliatory treatment after speaking out about safety concerns." (Doc. 32, p. 2). Even taking these allegations as true, which Amazon denies, the most generous understanding of Plaintiff's allegations is that he has identified a potential comparator for an OSHA

---

[1] To the extent that Plaintiff is seeking to strike Defendant's affirmative defenses, this is due to be denied as well because Defendant has not yet pled any affirmative defenses. Rather, Defendant timely filed a Motion to Dismiss the Complaint in its entirety. (Doc. 4).

2

retaliation claim.² Plaintiff does not offer any evidence to support his conclusory allegation that this witness does not want to participate in this action because of Amazon's conduct, and in reality, there are a number of reasons why a fact witness might not want to participate in litigation.

Generally, Plaintiff's arguments regarding Amazon's alleged actions are incoherent. It appears that Plaintiff is arguing that Amazon has retaliated against potential witnesses and has refused to comply with discovery in "an effort to suppress key testimony." (Doc. 32, p. 3). Amazon it has not engaged in any such conduct. Amazon counsel was working with Plaintiff to schedule depositions and continue written discovery, but the issue is moot now that the Court has stayed discovery. (Doc. 30). Although Plaintiff alleges that Amazon's actions are "intentional and targeted" he fails to provide any specific information regarding what actions Amazon has taken that prejudice him in this litigation. To be clear, Amazon strongly denies taking any action in bad faith or that would prejudice Plaintiff in any way.

### B.  Plaintiff's Motion is Due to be Denied.

Although Plaintiff styles the present Motion as a Motion to Strike, the relief he seeks from the Court is to impose sanctions against Amazon by either striking

---

² Plaintiff persists in his incorrect understanding of the law and argues that retaliation under the Occupational Health and Safety Act is the same as retaliation under Title VII of the Civil Rights Act of 1965.

Amazon's affirmative defenses or entering default judgment. To support these allegations, Plaintiff relies on *Doe v. Abbott*, 2016 WL 6804461, at *5 (5th Cir. Nov. 17, 2016) for the proposition that "retaliation can undermine the fair and impartial process of litigation by discouraging witnesses from coming forward, thus prejudicing the plaintiff's case." (Doc. 32, p. 2). There is no such case styled *Doe v. Abbott* with that Westlaw number. Accordingly, Amazon cannot discuss the merits of the case. Plaintiff cites *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960 (5th Cir. 1978)[3] stating that in *Hicks* "the court found that when a defendant's conduct directly hinders the plaintiff's ability to pursue their claim, that conduct **validates the plaintiff's case**." (Doc. 32, p. 3) (emphasis in original). *Hicks v. ABS Assocs., Inc.*, 572 F.2d 960 (3rd Cir. 1978) is an opinion in a Title VII race, sex, and retaliation case which discusses exhaustion of administrative remedies. It does not discuss a defendant's improper conduct validating a plaintiff's case. *See id*. Plaintiff also cites *Felder v. United States*, 739 F.2d 730, 735 (5th Cir. 1984) for the proposition that the Fifth Circuit has held that striking defenses or entering default judgment is warranted when a party's misconduct severely prejudices the opposing party's

---

[3] Plaintiff's Motion attributes this opinion to the Fifth Circuit. There is a case called *Hicks v. ABS Assocs., Inc.*, 572 F.2d 960 (3rd Cir. 1978) out of the Third Circuit with the same federal reporter number as the case cited by Plaintiff. Defendant assumes that Plaintiff is referring to the Third Circuit *Hicks* case.

4

ability to litigate their case. (Doc. 32, p. 3). Again, Counsel for Amazon has been unable to locate such a case.[4]

Rule 37(b)(2) of the *Federal Rules of Civil Procedure* allows a court to impose sanctions where a party has failed to obey an order to provide or permit discovery. The sanctions a court may impose include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." *Fed. R. Civ. P.* 37(b)(2)(iii), (vi). In this case, Amazon has not failed to obey a Court order to provide or permit discovery. Moreover, any complaints about alleged delays in scheduling depositions or answering discovery is moot now that discovery is stayed. (Doc. 30).

Prior to the Court staying discovery, Amazon engaged in discovery with Plaintiff by serving responses to Plaintiff's Interrogatories and Requests for Admission and coordinating witnesses for the two depositions requested by Plaintiff. Plaintiff's Motion to Strike is frivolous at best and is clearly due to be denied.

### III. Conclusion

Amazon respectfully requests the Court deny Plaintiff's Motion to Strike or Alternatively Award Default Judgment.

---

[4] *Van Gemert v. Boeing Co.*, 739 F.2d 730 (2nd Cir. 1984) is a case regarding a motion by defendant for the return of the unclaimed balance of a judgment against the defendant in a class action. *Felder v. United States*, No. 20-cv-75312021 WL 3537164 (S.D. NY Aug. 10, 2021) is a petition by an incarcerated plaintiff to set aside his sentence. Neither of these cases deal with the issues presented in Plaintiff's Motion.

Respectfully submitted on the 17th day of March, 2025.

/s/*Joseph M. Koury*
Joseph M. Koury (MS #09737)
Allen, Summers & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, TN 38103
Telephone: (901) 763-4200
Facsimile: (901) 684-1768
jkoury@allensummers.com

/s/*Brooke M. Nixon*
Brooke M. Nixon, Pro Hac Vice
Constangy Brooks Smith & Prophete
2 Chase Corporate Drive, Suite 30
Birmingham, AL 35244
(205) 252-9321
bnixon@constangy.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of March, 2025, a copy of the foregoing document has been emailed and mailed via USPS, to the following:

> William J. Ferris III
> 230 Roberts Avenue
> Holly Springs, MS 38635
> William.ferris00@gmail.com

/s/*Brooke M. Nixon*
Of Counsel