# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRCIT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **WILLIAM J. FERRIS III,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:24-cv-304-MPM-JMV |
| | ) |
| **AMAZON.COM SERVICES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Defendant Amazon.com Services, LLC ("Amazon"), by and through its undersigned counsel, respectfully submits its Memorandum Brief in support of its Response to Plaintiff's Motion to Compel Discovery Responses. The Court should deny Plaintiff's Motion to Compel Discovery Responses and decline to impose sanctions on Amazon.

**Introduction**

On December 31, 2024, Plaintiff served Amazon with six Interrogatories and four Requests for Admission (collectively, "Discovery Requests."). Pursuant to the *Federal Rules of Civil Procedure*, Amazon's responses were due on January 30, 2025. Amazon requested a short extension of time to object and respond to the Discovery Requests. Plaintiff agreed to allow Amazon until February 10, 2025, to object and respond. On February 10, 2025, Amazon served its objections and

responses to Plaintiff's Discovery Requests. (Doc. 24). On February 13, 2025, Plaintiff emailed a Motion to Compel Discovery Responses to Amazon's counsel with the representation he had mailed the Motion to Compel to the Court. On March 3, 2025, Plaintiff's Motion to Compel was entered on the Court's electronic docket. (Doc. 32). The Motion asks the Court to enter an Order compelling Defendant to respond and produce relevant materials as well as enter an Order sanctioning Defendant in the amount of $50,000.

On March 3, 2025, Magistrate Judge Virden entered an Order granting Defendant's Motion to Stay Discovery until the disposition of Defendant's pending motion to dismiss. (Doc. 30). Accordingly, Plaintiff's Motion to Compel is currently moot because discovery is stayed. To the extent a response is required by Defendant, the merits of Plaintiff's Motion are discussed below.

**Argument**

> **I.     Plaintiff's Motion to Compel Fails to Comply with the *Federal Rules of Civil Procedure* or the Uniform Local Rules.**

Rule 37(a)(1) of the *Federal Rules of Civil Procedure* states that a party may motion the Court for an Order compelling disclosure of discovery. Further, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Fed. R. Civ. P.* 37(a)(1).

Rule 37(a) of the Uniform Local Rules states that "before service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention." To that end, a party filing a discovery motion must file a Certificate of Good Faith which shows the signatures of all counsel. L.R. 37(a).

Rule 37(b) of the Uniform Local Rules states that motions raising issues concerning discovery such as Interrogatories and Requests for Admission, "must quote verbatim each interrogatory…" and "must state: (1) the specific objection; (2) the grounds for the objection," and "(3) the reasons assigned as supporting the motion. L.R. 37(b)(1)-(3). Failure to comply with Local Rule 37 subsections (a) and (b) "will result" in the Court denying the motion. L.R. 37(c).

Plaintiff has failed to comply with both the *Federal Rules of Civil Procedure* and the Uniform Local Rules in his Motion to Compel. The thrust of Plaintiff's argument is that Amazon's discovery objections are "meritless." (Doc. 32, p. 2). Amazon would respond to Plaintiff's allegations; however, Plaintiff's Motion to Compel lacks any specificity regarding which interrogatories or requests for admission to which he believes Amazon improperly objected. (Doc. 32). Instead, Plaintiff makes vague arguments about Amazon's objections generally. (Doc. 32). The Motion to Compel fails to comply with L.R. 37(b) because it does not set out the interrogatories or requests for admission to which Plaintiff takes issue. Amazon

cannot properly respond to Plaintiff's Motion to Compel without information regarding which objections Plaintiff seeks to have overruled.

Further, Plaintiff did not seek to engage in any informal resolution of his concerns regarding Amazon's discovery responses. Both the *Federal Rules of Civil Procedure* and the Uniform Local Rules require the parties to confer in good faith prior to filing a discovery motion. *Fed. R. Civ. P.* 37(a)(1); L.R. 37(a). However, Plaintiff has disregarded this requirement. In his Motion to Compel, Plaintiff states that he "acknowledges his duty to confer with opposing counsel prior to seeking court intervention." (Doc. 32). Despite this acknowledgement, Plaintiff failed to confer in good faith prior to serving the Motion to Compel. Rather, Plaintiff served the Motion to Compel without warning or notice just three days after receiving Amazon's discovery responses. Plaintiff's "Certificate of Conference" states that Amazon's "delay tactics and refusal to produce relevant materials have made informal resolution impossible." (Doc. 32, p. 4). There is absolutely no evidence to support this disparaging assertion. Amazon served objections and complete responses to Plaintiff's Discovery Requests on February 10, 2025. (Doc. 24). There is no basis for asserting that Amazon has engaged in any delay tactics and Amazon has certainly not refused to produce materials without proper objections.

Plaintiff failed to set forth which objections he took issue with and failed to confer in good faith. For these reasons, Plaintiff's Motion to Compel is due to be denied.

## II. Plaintiff's Request for Sanctions is Due to be Denied.

Plaintiff's Motion to Compel asks the Court to impose monetary sanctions of $50,000 against Amazon for a "pattern of obstruction." (Doc. 32, p. 3). To be clear, there is no "pattern of obstruction" because Amazon has fully responded to Plaintiff's Discovery Requests. Plaintiff relies on *Nat'l Hockey League v. Met. Hockey Club, Inc.*, 427 U.S. 639 (1976) for the proposition that a court may use "sanctions for discovery abuses to **deter misconduct and ensure compliance with discovery obligations**." (Doc. 32, p. 3)(emphasis in original). However, in *Nat'l Hockey League*, the Supreme Court upheld the dismissal of a suit where the plaintiffs repeatedly refused to answer interrogatories over the course of 17 months, despite direct instructions by the Court to respond by a certain date and warnings that failure to respond could result in sanctions. *Nat'l Hockey League*, 427 U.S. at 641. In this case, Amazon fully responded to Plaintiff's Discovery Requests. Accordingly, there is no basis for sanctions.

Plaintiff also cited *In re Volkswagon & Audi Warranty Extension Litigation*, 629 F.3d 4 (1st Cir. 2012) for the proposition that sanctions are appropriate when a party deliberately obstructs discovery. However, *In re Volkswagon & Audi Warranty*

5

*Extension Litigation*, is an appeal from a district court's award of $30 million in attorneys' fees to plaintiffs' attorneys who settled a class action lawsuit. *Id* at 7. The opinion does not discuss imposing sanctions on a party deliberately obstructing discovery. *Id*. Regardless, Amazon has not obstructed discovery, deliberately or otherwise, in this case.

Rule 37(b)(2) of the *Federal Rules of Civil Procedure* allow a court to sanction a party that disobeys a discovery order. "District courts had broad discretion in determining whether to impose a sanction under Rule 37, and, if so, what sanction to impose." *CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 324 (5th Cir. 2023) (internal citations omitted). "Sanctions under this rule must be both 'just' and 'related to the particular claim which was at issue in order to provide discovery.'" *Id*. In this case, there is no basis for sanctions at all. Amazon responded to Plaintiff's Discovery Requests on February 10, 2025. Accordingly, Plaintiff's request for sanctions is due to be denied.

**Conclusion**

Amazon respectfully requests the Court deny Plaintiff's Motion to Compel and deny his request for sanctions.

Respectfully submitted on the 17th day of March, 2025.

/s/*Joseph M. Koury*
Joseph M. Koury (MS #09737)
Allen, Summers & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, TN 38103
Telephone: (901) 763-4200
Facsimile: (901) 684-1768
jkoury@allensummers.com

/s/*Brooke M. Nixon*
Brooke M. Nixon, Pro Hac Vice
Constangy Brooks Smith & Prophete
2 Chase Corporate Drive, Suite 30
Birmingham, AL 35244
(205) 252-9321
bnixon@constangy.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of March, 2025, a copy of the foregoing document has been emailed and mailed via USPS, to the following:

William J. Ferris III
230 Roberts Avenue
Holly Springs, MS 38635
William.ferris00@gmail.com

/s/*Brooke M. Nixon*
Of Counsel

7