IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILLIAM J. FERRIS III,**                                                                                    **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO.: 3:24-cv-304-MPM-JMV**

**AMAZON.COM SERVICES, LLC**                                          **DEFENDANT**

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

This matter is before the Court on the pro *se* Plaintiff's Motion to Compel Discovery [32], filed on March 3, 2025. Defendant filed its Response in Opposition [37] on March 17, 2025. Plaintiff did not file a reply brief. For the reasons explained herein, the motion will be denied.

**Background Information**

Plaintiff William. J. Ferris III, *pro se,* filed this complaint in Circuit Court of Marshall County, Mississippi on August 26, 2024, asserting claims under the National Labor Relations Act, Title VII of the Civil Rights Act of 1964 and intellectual property law. [Dkt. 1]. Defendant Amazon.com Services, LLC removed the case to this court on September 25, 2024. *Id*. On October 10, 2024, Defendant filed its Motion to Dismiss for Failure to State a Claim. [Dkt. 7]. The Court held a Case Management Conference on November 19, 2024. [Dkt. 18]. In its Case Management Order, the Court set a discovery deadline of May 19, 2025. *Id*.

According to Defendant, on December 31, 2024, Plaintiff served six Interrogatories and four Request for Admission (h/n/a "Discovery Requests"). [Dkt. 38]. Pursuant to the Federal Rules of Civil Procedure, Defendant's responses were due on January 30, 2025. *See* Fed. R. Civ. P. 33(b)(2). Defendant requested and was granted a brief extension by Plaintiff to February 10, 2025. On February 10, 2025, Defendant served its objections and responses to Plaintiff's request. [Dkt. 24].

On February 12, 2025, Defendant moved to stay discovery pending a decision on its Motion to Dismiss. [Dkt. 25]. On March 3, 2025, the Court granted Defendant's Motion to Stay Discovery pending a decision on the Motion to Dismiss. [Dkt. 30] Also on March 3, 2025 the Clerk's Office received via U.S. Mail and docketed the present Motion to Compel Discovery. [Dkt. 32]. Notably, the motion to compel is dated February 13, 2025, three days after Defendant filed its discovery responses.

In the instant motion, Plaintiff asks that the Court order Defendant to fully respond to discovery requests and produce all relevant materials. He states that he has served discovery requests concerning Defendant's knowledge of his OSHA complaint, Defendant's adoption of his safety innovation, and Defendant's internal communications regarding each of the issues. *Id*. Plaintiff does not provide a copy of the original discovery request in his motion. He alleges that Defendant has improperly asserted objections to his requests for discovery. *Id*. Plaintiff does not provide a copy of Amazon's response to his discovery requests in his motion. Plaintiff contends that Defendant asserted the responses are overly broad and unduly burdensome, not proportional to the needs of the case, and protected by privilege. *Id*. It is unclear whether all three objections (burden, proportionality and privilege) were made for each of Plaintiff's discovery requests. Plaintiff also asks that the Court sanction Defendant $50,000 for bad faith conduct, obstruction of discovery, and improper assertion of privilege. *Id*.

**Law and Analysis:**

**Law:**

    A. Application to *Pro Se* Litigants

Of importance to resolving the instant motion is the recognition of leniency or liberality required of the court when construing pro se litigants' pleadings. However unartfully pleaded, pro se pleadings must be held to less stringent standards than formal pleadings drafted by lawyers. *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). See also, *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (citing *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019)) ("The filings of a pro se litigant are to be liberally construed). Nevertheless, pro se plaintiffs must still comply with the rules of civil procedure. *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007).

B. <u>Requirements of Motions to Compel</u>

. Rule 37(a)(1) of the Federal Rules of Civil Procedure allows for a party to move for an order compelling discovery but it requires that any motion include a certification "that the movant has in good faith conferred or attempted to confer" with the opposing party it seeks to compel "in an effort to obtain [discovery] without court action." Fed R. Civ. P. 37. Rule 37(a) of the Uniform Local Rules of Civil Procedure requires before service of a discovery motion, "counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention." L. U. R. Civ. P 37(a). Local Rule 37(a) requires that the movant attach a Good Faith Certificate, a form provided in the appendix to the rules on the Court's website, detailing the disputed issue and bearing the signature of all counsel. *Id*. Alternatively, a party may accompany a filed motion with an affidavit or 28 U.S.C. § 1746 declaration detailing a lack of cooperation and requesting appropriate sanctions. *Id*. These requirements extend to pro se parties. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 585 (N.D. Tex. 2018).

Furthermore, Rule 37(b) of the Uniform Local Rules states that motions raising issues concerning discovery such as Interrogatories and Requests for Admission, "must quote verbatim

each interrogatory…" and must state: (1) the specific objection made; (2) the grounds for the objection given, and (3) the reasons assigned by the movant as supporting the motion". L.U. R. Civ. P. 37(b).

Rule 37(c) of the Uniform Local Rules of Civil Procedure states that failure to comply with either Local Rule 37(a) or (b) will result in the denial of the motion without prejudice. L.U. R. Civ. P. 37(c).

**Analysis**

In the instant case, Plaintiff failed to attach a Good Faith Certificate signed by all counsel to his motion. However, n in Section V of his motion, titled "Certificate of Conference", Plaintiff states he "acknowledges his duty to confer with opposing counsel prior to seeking court intervention", but "delay tactics and refusal to produce relevant records have made informal resolution impossible.". [Dkt. 32]. On the other hand, Defendant alleges that Plaintiff did not confer in good faith or attempt to confer in good faith with them before bringing the present motion. Defendant points out that, Plaintiff fails to provide, in his motion to compel, any description of any efforts to confer with Defendant regarding the discovery dispute. And, that on February 10, Defendant docketed its notice stating that it had served its responses to Plaintiff's Discovery Request [Dkt. 24], yet the present motion is dated only 3 days later, February 13 [Dkt. 32], a period during which Defendant alleges that it received no communication from Plaintiff. [Dkt. 38]. No reply was filed by plaintiff to the contrary. Accordingly, I find that Plaintiff has failed to comply with Local Rule 37(a),

Plaintiff's motion also fails to quote verbatim the interrogatories at issue as required by Local Rule 37(b). He further fails to state the specific objection made to each interrogatory, the

grounds assigned for the objections, or the reasons he assigns as supporting his motion as relates to that particular discovery request all as required in Local Rule 37(b).

In all, because Plaintiff has failed to comply with Local Rule 37(a), 37(b), Local Rule 37(c) the motion to compel is denied without prejudice.[1]

Request for Sanctions

Plaintiff also asks that the Court sanction the Defendant for $50,000 for bad faith conduct, obstruction of discovery[2], unjustified objections, failure to produce a privilege log, forcing him to litigate "a straightforward discovery issue" and improper assertion of privilege."  but as discussed above, aside from some wholly conclusory general allegations of "unjustified objections" (such as lack of proportionality and over-broadness), untethered to any particular discovery request or response, there is simply no specific factual basis to support an award of sanctions against Defendant here.

**Conclusion**

Therefore, the Motion of Plaintiff to Compel Discovery is **DENIED.**

**SO ORDERED** this, the 7th day of April, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Denial of a motion without prejudice allows a party to refile a motion if they do so in compliance with the described requirements set out by the Local Rules. However, the Court stayed discovery in this case after the current motion was filed, accordingly until the discovery stay is lifted, no further discovery motions would be appropriate.

[2] In his briefing on sanctions, Plaintiff states "Courts have held that sanctions are appropriate when a party deliberately obstructs discovery, as in *In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 7 (1st Cir. 2012)." In *In re Volkswagen*, the 1st Circuit considered the issue of attorney's fees stemming from settlement of a class action lawsuit. The case contains no discussion of sanctions or discovery rules. The Court believes these errors are likely evidence of the Plaintiff's use of Artificial Intelligence to generate pleadings as previously stated. *See* [Dkt. 30 n.5]. As before, the undersigned will defer to the District Judge who has scheduled a Show Cause Hearing concerning "pleadings with fictious authorities generated by artificial intelligence" for April 8, 2025 [Doc. 28] as to any potetial sanctions for said conduct.