IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WILLIAM J. FERRIS III                                    PLAINTIFF

v.                                              No. 3:24-cv-304-MPM-JMV

AMAZON.COM SERVICES, LLC                                 DEFENDANT

**ORDER**

This matter comes before the Court on its Order [28] directing Plaintiff to show cause. The Court, having reviewed the record, having heard from the plaintiff, and having carefully considered the applicable law, is now prepared to rule.

FACTS

This case involves the citation of false authority and the use of generative artificial intelligence ("AI"). On August 26, 2024, pro se Plaintiff William Ferris sued his employer Amazon.com Services, LLC in state court alleging misappropriation of intellectual property, retaliation, defamation, and hostile work environment. In his complaint, Mr. Ferris cited "*Eastman Kodak Co. v. Digital & Analog Design Corp.*, 979 F.2d 259 (Fed. Cir. 1992)" to support his intellectual-property claim. This case does not exist.

Amazon removed the case to federal court and then moved to dismiss. In its memorandum in support of its motion, Amazon pointed out that Mr. Ferris' *Eastman-Kodak* citation was fictional. Mr. Ferris then responded to the motion by hallucinating six fake cases: *Krob v. Target Corp.*, 401 F. Supp. 3d 1088 (D. Minn. 2019); *Epic Games, Inc. v. Sweeney*, 2018 U.S. Dist. LEXIS 158430 (E.D.N.C. 2018); *Volvo Cars of N. Am., Inc. v. Federated*, 2013 U.S. Dist. LEXIS 106493 (D. Md.

1

2013); *Waymo LLC v. Uber Technologies, Inc.*, 256 F. Supp. 3d 1059, 1077 (N.D. Cal. 2017); *Parker v. Baltimore & Ohio R. Co.*, 652 F.2d 1012 (7th Cir. 1981); *Bechtel v. Competitive Techs. Inc.*, 59 F.3d 1161 (9th Cir. 1995).

On March 3, 2025, this Court found that Mr. Ferris had violated Rule 11 of the Federal Rules of Civil Procedure and ordered him to show cause as to why his case should not be dismissed. That same day, three filings by Mr. Ferris arrived by mail—all containing false or misleading citations. On April 8, 2025, a show-cause hearing was held during which Mr. Ferris informed the Court that he had drafted the problematic filings using AI. The statement Mr. Ferris read to the Court was also drafted by AI.

ANALYSIS

Courts exist to decide controversies fairly, in accordance with the law. This function is undermined when litigants using AI persistently misrepresent the law to the courts. AI is a powerful tool, that when used prudently, provides immense benefits. When used carelessly, it produces frustratingly realistic legal fiction that takes inordinately longer to respond to than to create. While one party can create a fake legal brief at the click of a button, the opposing party and court must parse through the case names, citations, and points of law to determine which parts, if any, are true. As AI continues to proliferate, this creation-response imbalance places significant strain on the judicial system.

Trials are a search for the truth. Parties who cite false cases not only seek to secure unfair advantage, they are, in fact, avatars of a post-truth world. Some people seem to believe that facts and truth no longer matter, but that is not how we do things in this Court. If the third branch of government in these United States cannot hold course and tack against the headwinds of

2

foolishness and utter contempt for the truth daily poured into the body politic by strivers saluted by the fourth estate, then we are condemned to a:

"Depressing view," said K. "The lie made into the rule of the world."[1]

Rule 11, which applies to all parties, including pro se litigants, provides that when a paper is submitted to the court, "[a] party certifies that to the best of the person's knowledge, … formed after an inquiry reasonable under the circumstances: …[the] legal contentions are warranted by existing law…" Fed. R. Civ. P. 11(b)(2). Litigants "have a duty 'to conduct a reasonable inquiry into the facts or law before filing the lawsuit.'" *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir. 2006) (quoting *Jennings v. Joshua Indep. Sch. Dist.*, 948 F.2d 194, 197 (5th Cir. 1991)).

Once a Rule 11 violation has been determined, "the district court is vested with considerable discretion in determining the 'appropriate' sanction to impose upon the violating party," *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 876-77 (5th Cir. 1988). Sanctions are reviewed for abuse of discretion. *Id.* at 872. The Fifth Circuit has held that the sanction imposed "should be the least severe sanction adequate to [accomplish] the purpose of Rule 11." *Id.* at 878-79. The goals of Rule 11 are "deterrence, punishment, and compensation." *Id.* at 879; *and see* Fed. R. Civ. P. 11 (c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.").

Rule 11 expressly provides that when there is a violation of the Rule, an appropriate sanction may be "'an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.'" *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006) (citing Fed. R. Civ. P. 11(c)(2)). Fees are required

---

[1] Franz Kafka, *The Trial* 147 (1925).

to be "reasonably incurred as a result of a violation of Rule 11," and a "duty to mitigate" exists. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1173 (5th Cir. 1988) (citing *Thomas*, 836 F.2d at 878).

Mr. Ferris violated Rule 11 by submitting false citations to the Court—first, in his complaint; then, after being put on notice by Defendant, in his subsequent filings. The only issue for the Court is to determine the least severe sanction adequate to accomplish the Rule 11 objectives.

This Court is initially inclined to dismiss Mr. Ferris' case due to the numerous fake citations cited by him. However, an examination of relevant Fifth Circuit authorities indicates that the appellate courts are inclined toward less final sanctions in these regards. In *Thomas v. Capital Sec. Services, Inc.*, the Fifth Circuit held that "[w]hile district courts may theoretically still dismiss baseless claims or defenses as sanctions, 'such a dismissal is now better grounded, not on misconduct, but on the merits.'" 836 F.2d 866, 878 (5th Cir. 1988) (citation omitted).

There must be consequences, though we are inclined to apply the least severe sanction in the premises.

Mr. Ferris must pay the costs incurred by Defendant attributable to responding to Mr. Ferris' fabricated citations, keeping in mind Defendant's duty to mitigate, this being the least drastic sanction to deter "comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

CONCLUSION

**ACCORDINGLY**, Plaintiff William J. Ferris, III is hereby ordered to pay costs incurred by Defendant Amazon.com Services, LLC. Defendant shall submit a detailed bill of costs, with accompanying affidavit, showing what costs and expenses were incurred as a reasonable result of

Plaintiff's false citations. Once the bill of costs and affidavit have been submitted, this Court will

determine the exact amount Plaintiff owes in a subsequent order.

 **SO ORDERED** this the 16th day of April, 2025.


 /s/Michael P. Mills
 UNITED STATES DISTRICT JUDGE
 NORTHERN DISTRICT OF MISSISSIPPI