**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**WILLIAM J. FERRIS III**                                                              **PLAINTIFF**

**v.**                                                              **No. 3:24-cv-304-MPM-JMV**

**AMAZON.COM SERVICES, LLC**                                                              **DEFENDANT**

## ORDER

This matter comes before the Court on Defendant Amazon.com Services, LLC's Motion to Dismiss [7]. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

FACTS

The facts of this case vary from pleading to pleading. Pro Se Plaintiff William Ferris is a former employee of Defendant Amazon. According to his complaint, on February 10, 2024, Mr. Ferris was invited to a meeting with his managers to discuss ways to improve workplace safety. At this meeting, Mr. Ferris introduced the concept of "Dragonfly," an AI-application that improves overhead spill protection by analyzing images of safety incidents.[1] Shortly after this meeting, Amazon implemented the Dragonfly concept without acknowledging or compensating Mr. Ferris for his contribution.

In November of 2023, Mr. Ferris began advocating for unionization. Amazon allegedly responded by retaliating against Mr. Ferris with isolation, hostile treatment, and false accusations of antisemitism. On May 7, 2024, Mr. Ferris filed a charge with the Equal Employment

---

[1] Beyond this description, it is unclear what "Dragonfly" is or how it works. It is also unclear whether Mr. Ferris created "Dragonfly" or merely introduced his employer to it.

1

Opportunity Commission ("EEOC Charge") alleging retaliation for his union activities and discrimination based on an unspecified disability. Mr. Ferris also filed complaints with the National Labor Relations Board, the Occupational Safety and Health Administration, and Amazon's internal EthicsLine system.

On August 26, 2024, Mr. Ferris sued Amazon alleging (1) misappropriation of intellectual property, (2) retaliation, (3) defamation, and (4) hostile work environment. Amazon now moves to dismiss each of these claims.

ANALYSIS

*1. Misappropriation of Intellectual Property*

Mr. Ferris claims that Amazon, by using Dragonfly without his permission, is liable for trade secret misappropriation. Trade secret misappropriation under both federal and state law requires that the trade secret be acquired by improper means. Miss. Code Ann. § 75-26-3; 18 U.S.C. § 1839(5)(A). Even beyond the unlikelihood that a trade secret exists here, Mr. Ferris never alleges acquisition by improper means. By his own admission, he volunteered the concept of Dragonfly at a meeting held for the express purpose of eliciting safety ideas. While his idea may very well have been beneficial to Amazon and while Mr. Ferris' propounding of it was commendable, Amazon's use of that idea is not trade secret misappropriation. *Cf. Pie Dev., LLC v. Pie Carrier Holdings, Inc.*, 128 F.4th 657 (5th Cir. 2025) (finding no trade secret misappropriation under federal or Mississippi law because the plaintiff did not take reasonable measures to protect the secrecy of the idea). Therefore, Mr. Ferris' claim here fails.

*2. Retaliation*

Next, Mr. Ferris alleges that Amazon's negative treatment following his union organization efforts constitutes retaliation in violation of federal labor law. Amazon contends that, even if this is true, the federal law which prohibits retaliation for union-organizing activities is the National Labor Relations Act ("NLRA"), and the National Labor Relations Board ("NLRB") has exclusive jurisdiction over claims arising under the NLRA.

The NLRA is a federal labor law that protects union-related activities. 29 U.S.C. §§ 151-169. Section 8 of the NLRA prohibits employers from restraining employees from engaging in concerted activities for the purposes of collective bargaining. 29 U.S.C. § 158(a)(1). The NLRB has exclusive original jurisdiction over claims arising under Section 8 of the NLRA. *Hobbs v. Hawkins*, 968 F.2d 471, 476 (5th Cir. 1992) ("[T]he Supreme Court established a broad preemption doctrine: '[w]hen an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the [NLRB.]'" (quoting *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959))). Mr. Ferris' only available remedy then—and a remedy Mr. Ferris claims to have already availed himself of—is bringing a claim before the NLRB. *Id*. at 478. The retaliation claim Mr. Ferris brings directly to this Court therefore fails. *See id*. at 475-78 (citing *Garmon*, 359 U.S. 236 (1959)) (affirming dismissal of an NLRA claim since the NLRB had exclusive jurisdiction).

*3. Defamation*

Next, Mr. Ferris alleges that Amazon defamed him by falsely accusing him of antisemitism. Amazon contends that Mr. Ferris' defamation claim fails because he failed to allege, either specifically or paraphrased, a statement by Amazon that was defamatory. In his response brief, Mr.

Ferris clarifies that Amazon "made implied accusations of antisemitism" and that these implied accusations were "not explicitly stated."

The Mississippi Supreme Court defines defamation as "language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community." *Ferguson v. Watkins*, 448 So.2d 271, 275 (Miss. 1984). To establish a defamation claim, an ordinary plaintiff must show:

> (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Simmons Law Grp., P.A. v. Corp. Mgmt., Inc.*, 42 So.3d 511, 517 (Miss. 2010). One restriction upon the action for defamation that "must be strictly enforced" is "the defamation must be clear and unmistakable from the words themselves and not be the product of innuendo, speculation or conjecture." *Ferguson v. Watkins*, 448 So.2d 271, 275 (Miss. 1984).

Here, Mr. Ferris does not sufficiently plead a claim for defamation. The totality of Mr. Ferris' defamation allegation in his complaint is: "[Amazon] made false and defamatory statements about Plaintiff, including accusations of antisemitism, with the intent of damaging Plaintiff's reputation and disrupting Plaintiff's unionization efforts." While accusing someone of racism can constitute defamation, *Griffin v. Delta Democrat Times Pub. Co.*, 815 So.2d 1246, 1249 (Miss. Ct. App. 2002), Mr. Ferris' allegations here are conclusory and do not meet 12(b)(6)'s plausibility pleading standard. *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")).

Additionally, Mr. Ferris' clarification that the allegedly defamatory statements were "implied" and "not explicitly stated" require his claim to fail as a matter law, since this precludes the alleged defamation from being "clear and unmistakable from the words themselves and not be the product of innuendo, speculation or conjecture." *Ferguson v. Watkins*, 448 So.2d 271, 275 (Miss. 1984). For these reasons, Mr. Ferris' defamation claim fails.

*4. Hostile Work Environment*

Mr. Ferris' final claim is for "hostile work environment." Mr. Ferris alleges, "Amazon created and maintained a hostile work environment by engaging in retaliation, defamation, and gaslighting tactics designed to force Plaintiff out of the company and silence Plaintiff's unionization efforts." The authority Mr. Ferris cites in support of this claim consists of Title VII discrimination cases, but Mr. Ferris never alleges he was discriminated against because of a protected characteristic. Rather, Mr. Ferris alleges his unionization efforts were the basis for Amazon's conduct. Mr. Ferris' claim here is simply a rehashing of his retaliation and defamation claims, and this Court has already addressed why those claims fail.

In his response to the motion to dismiss, Mr. Ferris alleges for the first time that he was discriminated against because of his disability. Amazon counters in its reply that because Mr. Ferris never raised disability discrimination in his EEOC Charge, his disability discrimination argument is procedurally barred. Amazon's argument here is not supported by the record.

On the second page of the EEOC Charge that Amazon attached to its motion as "Exhibit A," Mr. Ferris states, "I believe I have been…discriminated against because of my disability, in violation of the Americans with Disabilities Act Amendments Act of 2008 (ADAAA)." Thus, Mr.

Ferris' disability discrimination claim is not procedurally barred for failure to raise the claim in his EEOC Charge.

However, a claim raised for the first time in a response is not properly before the Court. *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Mr. Ferris did not raise this claim in his complaint, and a lawsuit stemming from an EEOC charge must be brought within ninety days. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). For this reason, Mr. Ferris is unable to bring a disability discrimination claim.

CONCLUSION

ACCORDINGLY, Amazon.com Services, LLC's Motion to Dismiss [7] is **GRANTED**. Plaintiff William J. Ferris, III's Complaint [2] is **DISMISSED WITH PREJUDICE**. Plaintiff William J. Ferris, III's Motion for Summary Judgment [47] is **DISMISSED** as moot.

**SO ORDERED** this the 9th day of June, 2025.


/s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**